OPINION
{¶ 1} Appellant, Roosevelt Perry, appeals from the February 18, 2003 judgment entry of the Trumbull County Court of Common Pleas dismissing his petition for postconviction relief.
 {¶ 2} On September 19, 2001, appellant was indicted by the Trumbull County Grand Jury on the following charges: one count of robbery, a felony of the second degree, in violation of R.C.2911.02(A)(2) and (B); two counts of robbery, felonies of the third degree, in violation of R.C. 2911.02(A)(3) and (B); and one count of theft from an elderly person, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1) and (B)(3). Appellant entered a not guilty plea at his arraignment on September 26, 2001.
 {¶ 3} The matter proceeded to a jury trial which commenced on February 5, 2002. On February 6, 2002, the jury returned a verdict of guilty on all counts. In its February 26, 2002 judgment entry, the trial court sentenced appellant to an eight-year prison term on count one, which was to be served consecutive to the concurrent five-year terms of incarceration imposed by the court for counts two and three. In addition, the trial court merged count four with count three for an aggregate sentence of thirteen years.
 {¶ 4} Appellant filed a timely notice of appeal with this court on March 22, 2002. We affirmed in part, reversed in part, vacated in part, and remanded the trial court's decision inState v. Perry, 11th Dist. No. 2002-T-0035, 2003-Ohio-7204.[1]
 {¶ 5} On February 10, 2003, appellant filed a "Petition to Vacate or Set Aside Sentence." The state filed a motion to dismiss on February 18, 2003. Pursuant to its February 18, 2003 judgment entry, the trial court dismissed appellant's petition for postconviction relief without a hearing because it was not filed within the one hundred eighty day time limitation set forth in R.C. 2953.21(A)(2). It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 6} "[1.] Trial counsel was not acting as counsel guaranteed under Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, when it denied [appellant] effective assistance of counsel.
 {¶ 7} "[2.] The trial court erred to the prejudice of [appellant] in violation of his rights as guaranteed under Article I, Section 10 and 16 of the Ohio Constitution and theFifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and denied [appellant] a fair and impartial trial.
 {¶ 8} "[3.] The misconduct of the prosecutor prejudiced [appellant] in violation of his rights as guaranteed under Article I, Section 10 and 16 of the Ohio Constitution and theFifth, Sixth, and Fourteenth Amendments to the United States Constitution, when it selectively obtained an indictment against [appellant] who did not fit the description of the actual perpetrator of the crime of which one who is actually innocent stands convicted."
 {¶ 9} Before we address appellant's assignments of error, we must determine whether appellant's petition was timely filed with the trial court.
 {¶ 10} R.C. 2953.21(A)(2) provides that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."
 {¶ 11} In the case at bar, the trial transcript was filed with this court on August 8, 2002. Pursuant to R.C.2953.21(A)(2), appellant had one hundred eighty days from August 8, 2002, to file his petition for postconviction relief. However, appellant filed his petition on February 10, 2003, six days beyond the deadline. As such, appellant did not timely file his petition for postconviction relief. See State v. Kirin, 11th Dist. No. 2001-T-0053, 2002-Ohio-3150, at ¶ 8.
 {¶ 12} Since appellant's petition was untimely filed, we must conduct an analysis under R.C. 2953.23, which governs untimely and successive petitions for postconviction relief, and states that:
 {¶ 13} "(A)(1) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless * * * [b]oth of the following apply:
 {¶ 14} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 15} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 16} In the instant matter, appellant has failed to meet the first prong, let alone both criteria, of R.C. 2953.23(A)(1). We agree with the trial court that appellant failed to show that he was unavoidably prevented from discovering facts upon which his petition was premised, or that he did not allege a new federal or state right recognized by the United States Supreme Court that applies retroactively to this case. In addition, appellant failed to demonstrate by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense for which he was convicted.
 {¶ 17} As we stated in Kirin, supra, at ¶ 12, "[t]he fact that appellant represented himself in this matter does not excuse him from the obligation to timely file his petition for postconviction relief; `[a] pro se defendant will be expected to abide by the rule of evidence and procedure, regardless of his familiarity with them.' Cleveland v. Lane (Dec. 9, 1999), 8th Dist. No. 75151, 1999 WL 1129582, at 3, citing State v. Doane
(1990), 69 Ohio App.3d 638 * * *; Kilroy v. B.H. Lakeshore Co.
(1996), 111 Ohio App.3d 357, 363 * * * (a pro se litigant `is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants')." (Emphasis sic.) (Parallel citations omitted.)
 {¶ 18} Since appellant has not satisfied the requirements of R.C. 2953.23(A)(1)(a) and (b), the trial court properly dismissed his petition for postconviction relief. See State v. Baksi
(Apr. 6, 2001), 11th Dist. No. 2000-T-0008, 2001 Ohio App. LEXIS 1632, at 6. Thus, appellant's assignments of error are rendered moot due to the untimely filing of his petition.
 {¶ 19} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
Christley, J., Rice, J., concur.
[1] The judgment convicting appellant of theft of an elderly person was reversed, and the sentence was vacated and remanded for resentencing.