{¶ 48} Respectfully, I dissent from the majority's holding that the evidence was sufficient to support appellant's conviction of theft with an elderly specification. Specifically, I find the evidence insufficient to prove, beyond a reasonable doubt, that the victim was 65 years of age or older.
 {¶ 49} There are two pieces of evidence in the record relevant to proof of the age of the victim. The first is the testimony of Ms. Hinkle. The relevant testimony is as follows:
 {¶ 50} "Q. [The Prosecutor] Did you know his age?
 {¶ 51} "MR. FRIEDMAN: Objection.
 {¶ 52} "THE COURT: Well, we have to have the firsthand knowledge basis for her knowing his age.
 {¶ 53} "Q. You have been around this particular person for three years?
 {¶ 54} "A. Oh, no.
 {¶ 55} "Q. How long?
 {¶ 56} "A. At that time only a year.
 {¶ 57} "Q. So you have known him for a year?
 {¶ 58} "A. I don't know if I exactly known (sic) him a year, but I was at Pleasant View for a year.
 {¶ 59} "Q. And based on his appearance, could you estimate what his age was?
 {¶ 60} "MR. FRIEDMAN: Objection.
 {¶ 61} "THE COURT: Overruled.
 {¶ 62} "A. Older than 78.
 {¶ 63} "Q. Fair enough. * * *."
 {¶ 64} The only other even passing reference to age came from Officer Brugge, as follows:
 {¶ 65} "THE COURT: Did you see the victim of this theft that day?
 {¶ 66} "THE WITNESS: Yes, I did.
 {¶ 67} "THE COURT: How did he seem to you relative to being alert, and everything, a sound mind, and so forth?
 {¶ 68} "THE WITNESS: He would be what you would the (sic) expect an 85-year-old male to be.
 {¶ 69} "MR. FRIEDMAN: Objection to age, your Honor.
 {¶ 70} "THE WITNESS: What you would expect an 85-year-old male to be in a nursing home. He could explain his name, and so forth. I was able to obtain information from him for the report.
 {¶ 71} "THE COURT: So follow-up questions, Mr. Johnson?
 {¶ 72} "MR. JOHNSON: No, your Honor."
 {¶ 73} No other testimony, save the above, was admitted into evidence to prove that the victim in this case was 65 years of age or older.
 {¶ 74} Not surprisingly, since proof of the age of a victim is so readily obtained, there is a dearth of case law on this issue. However, in State v. Perry, 11th Dist. No. 2002-T-0035, 2003-Ohio-7204, the Eleventh District Court of Appeals addressed the issue of what evidence is sufficient to prove that a victim is 65 years of age or older. In Perry, the State conceded that there was no direct evidence of the victim's age at the time of the theft, but argued that because he "suffered from poor eyesight and hearing," and "his speech `betrayeth his generation," there was sufficient circumstantial evidence from which one could infer that he was older than 65. The Eleventh District rejected this argument, however, and found that the defendant's conviction for theft from an elderly person was not supported by sufficient evidence.
 {¶ 75} Here, too, there was no direct evidence of the victim's age at the time of the theft. The only evidence of the age of the victim was an estimate, based on his appearance alone, that he was "older than 78," (from someone who did not claim to know him), and testimony in response to a question concerning the victim's competency that he seemed to be as alert as one would expect from an 85-year-old male. When the only evidence of age, however, is how old someone appears to be or how coherent theyseem, such evidence is insufficient to prove the specific element of "sixty-five years or older" as required by the statute.
 {¶ 76} Because the trial court ruled that the value of the theft was less than $500, I would find that appellant was properly convicted of a misdemeanor of the first degree and remand for sentencing thereon.
 Appendix Assignments of Error:
 "I. The trial court erred when it denied appellant's motion tosuppress oral statements.
 II. The evidence was insufficient to support the convictions.
 III. The trial court erred in admitting inadmissible hearsayas a purported excited utterance.
 IV. The convictions were against the manifest weight of theevidence.
 V. The trial court erred and abused its discretion when itordered restitution."