[Cite as *State v. Roe*, 2012-Ohio-4216.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| STATE OF OHIO | ) | CASE NO. 11 NO 390 |
|---|---|---|
| PLAINTIFF-APPELLEE | ) ) ) | |
| VS. | ) | O P I N I O N |
| ASHLEY ROE | ) ) ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Court of Common Pleas of Noble County, Ohio Case No. 211-2016 CR

JUDGMENT: Age Specification Dismissed. Remanded for Resentencing.

APPEARANCES:
For Plaintiff-Appellee: Atty. Clifford Sickler
Noble County Prosecutor
508 North Street
Caldwell, Ohio 43724-1122

For Defendant-Appellant: Atty. Michael Groh
919 Wheeling Avenue
Cambridge, Ohio 43725

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: September 13, 2012

[Cite as *State v. Roe*, 2012-Ohio-4216.]
VUKOVICH, J.

{¶1} Defendant-appellant Ashley Roe appeals the judgment of the Noble County Common Pleas Court convicting her of two counts of theft from an elderly person. Her sole argument on appeal is that the state failed to present sufficient evidence that the victim qualified as an elderly person, i.e. was sixty-five years of age or older, a specification used to elevate the degree of a theft offense. For the following reasons, we conclude that appellant's argument has merit. Consequently, the age specification on each count is dismissed, and the case is remanded for resentencing on first degree misdemeanor theft and fifth degree felony theft.

## STATEMENT OF THE CASE

{¶2} On April 4, 2011, appellant was indicted on three counts of theft in the amounts of $700, $370, and $100. A specification that the victim was elderly raised the first count from a fifth degree felony to a fourth degree felony and raised the other two counts from first degree misdemeanors to felonies of the fifth degree. *See* R.C. 2913.02(B)(3). For purposes of this statute, an elderly person is defined as a person who is sixty-five years of age or older. R.C. 2913.01(CC).

{¶3} The case was tried to a jury. The victim testified that she knew a man named Kevin Reed. Sometime in 2009, appellant picked up $100 from the victim for Kevin Reed to borrow. In early 2011, the victim agreed to provide Kevin Reed money to turn on utilities at an apartment in a certain complex and to maintain that apartment while he was in jail. (Tr. 56-58, 61, 63). However, Kevin Reed testified that he had lied to the victim about this apartment as he had already been denied residence in the complex due to his criminal record. (Tr. 65).

{¶4} In February of 2011, appellant, who had lied to the victim about her name, went to the victim's apartment and retrieved $370 said to be for the utilities for Kevin's apartment. Appellant kept $220 of this money and gave $150 to her mother who delivered it to Kevin's inmate account at the jail. (Tr. 76). On March 10, 2011, appellant returned to the victim's apartment and retrieved $700 said to be for Kevin to maintain his apartment. (Tr. 56, 70-71). The victim, who was concerned that her money was not being used as claimed, had voiced her concerns to police prior to this date. (Tr. 57, 63). Thus, the police intercepted appellant as she left the victim's apartment, and they retrieved the $700. The police recorded an interview with appellant wherein she admits that she knew she was taking advantage of the victim and stealing from her by spending her money different than what she had been told. State's Exhibit 4. This recording was played for the jury. (Tr. 77).

{¶5} After the state rested, the defense moved for an acquittal on the third count, representing the $100 payment, because there was insufficient evidence of deception. The state and the court agreed, and that count was withdrawn. (Tr. 84-85). The defense also moved for acquittal on the other counts regarding the element that the victim was elderly. (Tr. 83). The state replied that evidence was presented from which the jury could mathematically discern that the victim was over sixty-five years of age. (Tr. 83). The court agreed and denied the motion. (Tr. 84).

{¶6} The defense then presented appellant's testimony that she did not think that she was deceiving the victim. (Tr. 95). She claimed that she only admitted to stealing at the police interview because the officers acted like they were going to put

her in jail if she did not say what they wanted to hear and she needed to get home to give her son a breathing treatment. (Tr. 91-92).

**{¶7}** The jury convicted appellant on the first two counts dealing with the $700 and $370 payments. The court's October 28, 2011 sentencing entry imposed five years of community control, 100 hours of community service, $370 in restitution, plus the costs of prosecution and court-appointed counsel fees. The court also expressed that a violation of her community control would result in eleven months in prison. Appellant filed a timely notice of appeal.

ASSIGNMENT OF ERROR

**{¶8}** Appellant's sole assignment of error provides:

THE DECISION OF THE TRIAL COURT CONVICTING APPELLANT

OF THEFT FROM AN ELDERLY PERSON WAS NOT SUPPORTED

BY SUFFICIENT EVIDENCE.

**{¶9}** A Crim.R. 29 motion for acquittal challenges the sufficiency of the state's evidence to allow the case to proceed. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). An evaluation of the sufficiency of the state's evidence deals with the legal adequacy rather than the weight or persuasiveness of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

**{¶10}** In viewing an argument that the state's evidence was insufficient, the court evaluates that evidence in the light most favorable to the prosecution. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). A motion for acquittal should be granted and a conviction should be reversed on grounds of insufficient evidence where the reviewing court determines that no rational juror could have found that the elements of the offense were proven beyond a reasonable doubt. *Id.*; *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978).

**{¶11}** The sole argument here is that the state failed to present sufficient evidence that the victim was sixty-five years or older to prove the elderly person specification which raised the degree of the offenses. *See* R.C. 2913.01(CC); R.C. 2913.02(B)(3). Appellant urges that the victim's mere display of traits that are not absolutely unique to an elderly person is insufficient to prove that the victim was elderly, citing *State v. Perry*, 11th Dist. No. 2002-T-0035, 2003-Ohio-7204.

**{¶12}** The state claims that the victim's appearance, mannerisms, and tone of speech could be used to find that she was elderly. The state also notes that the victim testified that she started working when she was 18, she worked her whole life, she retired in 1997, she collects two pensions, and she receives Social Security. (Tr. 55). The state points out that appellant herself called the victim an "elderly lady" in her testimony. (Tr. 96).

**{¶13}** It is important to discuss here that in arguing against the motion for acquittal, the prosecutor mistakenly told the trial court (and the trial court mistakenly agreed) that the victim testified not only that she started working at eighteen and she

retired in 1997 but also that *she worked for forty-seven years.* If the victim actually had testified to working for forty-seven years, then the jury could have mathematically concluded that the victim was over sixty-five years of age in 2011.

**{¶14}** *However, the victim never in fact testified how many years she worked.* (Tr. 55). Thus, the prosecutor's argument and the court's decision on the motion for acquittal were based upon a misconstruction of the victim's testimony. There was no way the jury could mathematically discern the victim's age.

**{¶15}** As appellant emphasizes, the fact that someone retired 14 years before trial and collects a pension from her prior employer does not necessarily mean that the person is sixty-five or older. Nor is the fact that she was receiving Social Security checks at the time of trial dispositive of her age. As appellant states, retirement Social Security could have been available at age 62 for the victim, and there exist other reasons that someone could collect a "Social Security" check. For instance, appellant testified that she collects two Social Security checks for her young children.

**{¶16}** As to the jury's ability to observe the victim's mannerisms, appearance, and speech during her testimony, it has been stated:

> The mere fact that a person has poor eyesight, has suffered hearing loss, and speaks in a manner unfamiliar to others is hardly circumstantial evidence that the person is sixty-five years of age or older. These traits are hardly unique to an elderly person.

*Perry*, 11th Dist. No. 2002-T-0035 at ¶ 25 (finding these facts to be insufficient evidence that the victim was elderly).

**{¶17}** The jury's ability to view appearance and mannerisms, although relevant for weight of the evidence questions, is not an excuse for the state's failure to present sufficient evidence *on the record* of the victim's age. A court cannot reach weight of the evidence unless the state has presented sufficient evidence in the first place. *State v. Mangie,* 7th Dist. No. 10MA88, 2011-Ohio-1005, ¶ 37.

**{¶18}** And, we cannot assume that the victim's hair color, the amount of lines on her face, or the tone of her voice allowed the jury to find the required element that she was elderly. As a matter of fact, specific features such as these are not even alleged here. Rather, the state just generally alleges that the victim gave the appearance of being sixty-five or older combined with testimony that she is retired.

**{¶19}** Being sixty-five or over is an element of the degree-enhancing specification and is an evidentiary item the reviewing court should be able to review in the record. It is the "evidence admitted at trial" that is reviewed when evaluating sufficiency of the evidence, not claims by the state on appeal that the victim looked old. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, ¶ 2 of syllabus (1991). Nor can we presume that the jury could reasonably find the victim was over sixty-five merely because we are aware that the indictment alleges she is seventy-seven and because most people that age would look sixty-five or over. The indictment is not evidence. *See State v. Schandel*, 7th Dist. No. 07CA848, 2008-Ohio-6359, ¶ 96.

**{¶20}** It is the testimony and admitted exhibits, not a presumption of what the jury saw, that must prove the sixty-five or over element. *See Perry*, 11th Dist. No. 2002-T-0035 at ¶ 21, 23-25. *See also State v. Washington*, 8th Dist. No. 87688,

2006-Ohio-6027, ¶ 33. A reasonable trier of fact should be able to conclude, *based upon the testimony*, that the victim was over the age of sixty-five. *Washington*, 8th Dist. No. 87688 at ¶ 33 (and finding that if two officers testify that the victim is a different age but both ages are way over sixty-five, then sufficient evidence is presented).

{¶21} It is also notable here that, not only was the court mistakenly informed, but the jury too was mistakenly informed by the prosecutor that the victim testified that she worked for forty-seven years when in fact she did not testify to this. (Tr. 99). Thus, even if we could make presumptions based upon the victim's alleged appearance, this improper addition to the evidence tainted the jury's evaluation of the victim's appearance.

{¶22} As aforementioned, the state's final suggestion is that we can find sufficient evidence that the victim was at least sixty-five in appellant's own testimony describing the victim as an elderly lady. However, appellant testified in the defense's portion of the case, *after the state rested and after the motion for acquittal was made*.

{¶23} The state must present sufficient evidence in its case-in-chief. *See Thompkins*, 78 Ohio St.3d at 388. *See also State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 1 (all evidence presented in the "state's case in chief" is used to determine sufficiency; thus, inadmissible evidence that was admitted in state's case in chief can be considered); *State v. Levonyak*, 7th Dist. No. 05MA227, 2007-Ohio-5044, ¶ 40 (determining that sufficiency does not apply to affirmative defenses and noting that a sufficiency "review does not consider the

strength of defense evidence"). It is "the legal sufficiency of the *state's* evidence" that is reviewed when evaluating sufficiency of the evidence. *State v. Group*, 98 Ohio St.3d 248, 2002-Ohio-7247, 781 N.E.2d 980, ¶ 90 (emphasis added). *See also Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring) (sufficiency deals with the *state's* burden of production). Thus, a statement in the defense's case cannot be used to rehabilitate the state's legally insufficient case.

**{¶24}** In any event, appellant's testimony, describing the victim as elderly does not mean that she admitted that the victim was at least sixty-five years of age. Different people of different ages have different concepts of what constitutes an elderly person. The defendant was not asked to admit that the victim fit the statutory definition used for enhancing the degree of theft offenses.

**{¶25}** In conclusion, the state failed to present sufficient evidence that the victim was sixty-five years of age or older. Consequently, the age of the victim specification on each count is dismissed, and the case is remanded for resentencing on a first degree misdemeanor theft and a fifth degree felony theft. Both parties agree that this is the proper remedy upon a finding of insufficient evidence of age. *See* Appellee's Brief; Appellant's Reply Brief.

Donofrio, J., concurs.

DeGenaro, J., concurs.