OPINION
{¶ 1} Defendant-appellant, Gene Thomas Laws, appeals from a judgment of the Franklin County Court of Common Pleas dismissing defendant's petition for postconviction relief. Because the trial court lacked jurisdiction over defendant's petition for post-conviction relief, we affirm.
 {¶ 2} On May 9, 1997, defendant was indicted for 12 counts of rape in violation of R.C. 2907.02, 20 counts of gross sexual imposition in violation of R.C. 2907.05, and two counts of intimidating a witness in violation of R.C. 2921.02. On September 19, 1997, a jury convicted defendant of nine counts of gross sexual imposition and two counts of intimidating a witness. The trial court imposed a sentence of 20 years and determined defendant to be a sexual predator.
 {¶ 3} Defendant appealed to this court in case No. 98AP-306. The transcript was filed on January 28, 1998 and supplemented with a videotape on June 30, 1998. On appeal we affirmed defendant's convictions, but remanded for resentencing; defendant was resentenced on June 4, 1999. Defendant appealed his sentence in case No. 99AP-778. Again, we remanded the case for resentencing, and defendant was resentenced on October 30, 2001. In the interim, on May 4, 2001, defendant filed a motion to stay or vacate the trial court's judgment, which the trial court denied. On April 1, 2002, defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21 et seq. The trial court held that defendant's petition was untimely and failed to satisfy the requirements of R.C. 2953.23(A). Accordingly, the trial court dismissed defendant's petition. Defendant appeals, assigning the following errors:
First Assignment of Error:
The trial court erred to the substantial prejudice of theappellant where the trial court failed to review the merits ofthe conflict of interest claim and determined the appellant wasprovided effective assistance of counsel.
Second Assignment of Error
The trial court erred to the substantial prejudice of theappellant when the trial court held that the petition forpost-conviction relief was filed untimely and the appellant wasnot unavoidably prevented from discovering the facts which werepresented in the petition.
Third Assignment of Error
The trial court erred to the substantial prejudice of theappellant where that court based its judgment on an erroneousview of the law or established findings of fact that were made inthe process of applying an improper legal standard.
 {¶ 4} We first address defendant's second assignment of error, as it potentially is dispositive. In it, defendant contends the trial court erred in dismissing his petition for post-conviction relief as being untimely filed.
 {¶ 5} R.C. 2953.21(A)(2) provides the time limitation for filing a petition for postconviction relief, stating the petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." If no appeal is taken, R.C. 2953.21(A)(2) provides that the petition must be filed "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Accordingly, the first issue presented in defendant's appeal is whether the time for defendant to file a petition for post-conviction relief began to run when the transcript was filed in his initial appeal of his conviction and sentence or in his most recent appeal of the sentence the trial court imposed.
 {¶ 6} While R.C. 2953.21(A)(2) does not specifically address the present situation, we are guided by the purpose of the amendments to R.C. 2953.21(A)(2) and the case law interpreting it. This court in State v. Price (Sept. 29, 1998), Franklin App. No. 98AP-80, addressed an analogous situation involving a delayed appeal. Quoting the trial court, this court noted that to determine that the time under R.C. 2953.21(A)(2) begins to run on the filing of a delayed appeal "nullifies the obvious intent of the General Assembly to place a time limitation on post-conviction actions." Similarly, here, if we were to determine that the time for filing a defendant's post-conviction did not begin to run until the last of the direct appeals from the trial court's judgments, the time for filing postconvictions petitions would be extended well beyond the time limits set forth in R.C. 2953.21(A)(2) to an undetermined time in the future, all contrary to the intent of the legislature. Moreover, this case lacks a factional rationale for using one of defendant's subsequent appeals as the start of the time limitations under R.C. 2953.21(A)(2), and defendant's petition for post-conviction relief concerns the proceedings related to his convictions, not his sentence.
 {¶ 7} Accordingly, under the circumstances of this case, the time limits of R.C. 2953.21(A)(2) began to run at the time defendant's transcript was filed in his first appeal. The transcript in defendant's initial appeal was filed on January 28, 1998 and supplemented with a videotape on June 30, 1998. His petition therefore was due July 27, 1998, or if the supplemental filing be deemed the date the transcript was filed, on November 30, 1998. Defendant, however, filed his petition for post-conviction relief on April 1, 2002. As a result, his petition was untimely. The trial court properly recognized it lacked jurisdiction to entertain defendant's untimely petition unless defendant satisfied the mandatory jurisdictional requirements set forth in R.C. 2953.23(A). State v. Burke,
Franklin App. No. 02AP-677, 2002-Ohio-6840.
 {¶ 8} R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless, as relevant here, defendant (1) shows that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief, and (2) shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted.
 {¶ 9} Defendant maintains he unavoidably was prevented from discovering a transcript of a conversation between his trial attorney, John Neal, and one of the juvenile victims, L.P. According to defendant, the transcript revealed that Neal spoke with L.P. regarding L.P.'s allegations that defendant sexually abused him, and L.P. indicated to Neal he lied to Children's Services and the police detectives. Defendant asserts that because L.P.'s father allegedly had forbidden Neal from speaking with L.P., Neal, to protect himself from accusations of ethical impropriety, did not expose L.P.'s confession of perjury during the trial. Defendant contends that Neal's interview with L.P., coupled with his subsequent offer to find or obtain a lawyer for L.P. because of L.P.'s perjury, created a conflict of interest and deprived defendant of his Sixth Amendment right to effective assistance of counsel.
 {¶ 10} Contrary to defendant's assertions, the record demonstrates defendant was not unavoidably prevented from discovering the facts he seeks to rely upon in support of his petition. The affidavit of Irebelle Patterson, defendant's mother, states she went to Neal's office "in the weeks to come" after defendant's conviction to pick up his "complete file." (Affidavit of Irebelle Patterson, ¶ 7.) Defendant's "complete" file thus was available a few weeks after his conviction, and Patterson averred she discovered the transcript in March 2000. Id. at ¶ 8. Simply "[b]eing unaware of a fact does not establish that one was unavoidably prevented from discovering that fact in a timely manner." State v. Carter, Clark App. No. 03CA-11, 2003-Ohio-4838, citing State v. Harris (Feb. 9, 2001), Montgomery App. No. 18525 (concluding defendant failed to explain why he could not have discovered the relevant facts in a timely manner other than he was "unaware"). Patterson's statement that she could not send him the complete file in prison is insufficient.
 {¶ 11} In addition, defendant has failed to demonstrate that, but for constitutional error at trial, no reasonable juror would have found him guilty. Even if we assume, without deciding, that Neal had a conflict of interest that rendered him ineffective in representing defendant, the record does not demonstrate that defendant suffered any prejudice. Specifically, contrary to the suggestion in defendant's brief, L.P.'s recantation was an issue at trial, and co-counsel thoroughly cross-examined L.P. on the issue. Defendant thus failed to demonstrate he was deprived of effective assistance of counsel or that he suffered the requisite constitutional error but for which no reasonable juror would have convicted him of the alleged offenses. See Strickland v.Washington (1984), 466 U.S. 668, 686, 104 S.Ct. 2052 (concluding that to demonstrate ineffective assistance of counsel, defendant must demonstrate not only deficient performance by counsel, but also prejudice defendant suffered as a result of counsel's deficient performance).
 {¶ 12} Given that the provisions of R.C. 2953.23(A) do not extend the time limitations of R.C. 2953.21(A)(2) in this case, the trial court properly determined it lacked jurisdiction to entertain defendant's petition for post-conviction relief. Accordingly, defendant's second assignment of error is overruled, rendering his first and third assignments of error moot, and the judgment of the trial court is affirmed.
Judgment affirmed.
Klatt and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.