OPINION
{¶ 1} Appellant, Daniel K. Simmons, appeals from the November 17, 2006 and December 20, 2006 judgment entries of the Lake County Court of Common Pleas, dismissing as untimely his petitions for postconviction relief.
 {¶ 2} With respect to Case No. 03 CR 000523, appellant was indicted on November 13, 2003, by the Lake County Grand Jury on one count of DUI, a felony of *Page 2 
the third degree, in violation of R.C. 4511.19(A). On November 26, 2003, appellant filed a waiver of his right to be present at the arraignment, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On December 19, 2003, appellant filed a motion to suppress evidence. Appellee, the state of Ohio, filed a response on January 27, 2004. A hearing was held on January 29, 2004. Pursuant to its March 1, 2004 judgment entry, the trial court overruled appellant's motion to suppress.
 {¶ 4} A jury trial was held on May 3, 2004. On May 5, 2004, the jury returned a verdict of guilty. Pursuant to its July 7, 2004 judgment entry, regarding Case No. 03 CR 000523, the trial court sentenced appellant to serve five years in prison, ordered him to pay a fine of $800, and suspended his driver's license for life. It is from that judgment that appellant filed a timely notice of appeal with this court, Case No. 2004-L-131, in which he asserted the following five assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of [appellant] by overruling the motion to suppress evidence[.]
 {¶ 6} "[2.] [Appellant's] sentence of five (5) years in prison violates the jury trial clause of the Sixth Amendment and the corresponding provision of the Ohio Constitution.
 {¶ 7} "[3.] The maximum sentence for one conviction, irrespective ofBlakely, is contrary to law.
 {¶ 8} "[4.] The trial court abused its discretion in allowing a witness to testify about [appellant's] prior felony conviction for DUI.
 {¶ 9} "[5.] The verdict is against the manifest weight of the evidence." *Page 3 
 {¶ 10} On December 16, 2005, this court affirmed the judgment of the trial court. State v. Simmons, 11th Dist. No. 2004-L-131,2005-Ohio-6706.
 {¶ 11} With regard to Case No. 04 CR 000149, appellant was indicted on May 18, 2004, by the Lake County Grand Jury on four counts: count one, DUI, a felony of the third degree, in violation of R.C. 2929.13(G)(2); count two, abduction, a felony of the third degree, in violation of R.C.2905.02(A)(2); count three, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(3); and count four, driving without a valid license, a misdemeanor of the first degree, in violation of R.C.4507.02(A)(1). On June 10, 2004, appellant filed a waiver of his right to be present at the arraignment, and the trial court entered a not guilty plea on his behalf.
 {¶ 12} On June 21, 2004, appellant filed a motion for self-representation. A hearing was held on July 1, 2004. The trial court granted appellant's motion and appointed an assistant public defender to serve as standby counsel.
 {¶ 13} A jury trial commenced on August 9, 2004. At the close of appellee's case, appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. On August 11, 2004, the jury returned a verdict of not guilty on count one, DUI. The jury found appellant guilty of count two, abduction; count three, kidnapping; and count four, driving without a valid license.
 {¶ 14} Pursuant to its August 19, 2004 judgment entry, with respect to Case No. 04 CR 000149, the trial court sentenced appellant to serve four years in prison on count two; eight years on count three; and six months on count four. The trial court ordered the sentences to be served concurrent with each other, but consecutive to the previous sentence imposed in Case No. 03 CR 000523. The trial court suspended appellant's *Page 4 
driver's license for one year, which is to commence on May 7, 2017. In addition, the trial court notified appellant that post-release control was mandatory up to a maximum of five years. It is from that judgment that appellant filed a timely notice of appeal with this court, Case No. 2004-L-154, in which he made the following five assignments of error:
 {¶ 15} "[1.] The trial court violated [appellant's] constitutional right to due process as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Sections 5 and 10, Article I of the Ohio Constitution when the trial judge demonstrated unreasonable judicial bias.
 {¶ 16} "[2.] The trial court violated [appellant's] constitutional right of self-representation as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I
of the Ohio Constitution.
 {¶ 17} "[3.] The trial court erred to the prejudice of [appellant] in denying his motion for acquittal made pursuant to Crim.R. 29(A).
 {¶ 18} "[4.] The trial court erred to the prejudice of [appellant] when it returned a verdict of guilty against the manifest weight of the evidence.
 {¶ 19} "[5.] The trial court erred when it sentenced [appellant] to consecutive sentences based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury."
 {¶ 20} On December 23, 2005, this court affirmed the judgment of the trial court. State v. Simmons, 11th Dist. No. 2004-L-154,2005-Ohio-6896. *Page 5 
 {¶ 21} Appellant appealed our decisions to the Supreme Court of Ohio. Upon the consideration of the jurisdictional memoranda filed, the Supreme Court accepted appellant's appeals. The Supreme Court reversed our judgments and remanded the cases to the trial court for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 22} Pursuant to the Supreme Court's remand, on June 6, 2006, a resentencing hearing was held on both of appellant's cases.
 {¶ 23} With respect to Case No. 03 CR 000523, the trial court indicated in its June 9, 2006 judgment entry that appellant was previously found guilty of DUI, a felony of the third degree, in violation of R.C. 4511.19(A). The trial court sentenced appellant to serve five years in prison, ordered him to pay a fine of $800, and suspended his driver's license for life.
 {¶ 24} With regard to Case No. 04 CR 000149, the trial court stated in its June 9, 2006 judgment entry that appellant was previously found guilty of count two, abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2); count three, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(3); and count four, driving without a valid license, a misdemeanor of the first degree, in violation of R.C. 4507.02(A)(1). The trial court sentenced appellant to serve four years in prison on count two; eight years on count three; and six months on count four. The trial court ordered the sentences to be served concurrent with each other, but consecutive to the previous sentence imposed in Case No. 03 CR 000523. The trial court suspended appellant's driver's license for one year, which is to commence on May 7, 2017. In *Page 6 
addition, the trial court notified appellant that post-release control was mandatory up to a maximum of five years.
 {¶ 25} It is from the foregoing June 9, 2006 judgment entries that appellant filed timely notices of appeal, and asserted the following five assignments of error:[1]
 {¶ 26} "[1.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 27} "[2.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms in violation of [appellant's] right to due process.
 {¶ 28} "[3.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 29} "[4.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms contrary to the rule of lenity.
 {¶ 30} "[5.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms contrary to the intent of the Ohio legislators."
 {¶ 31} On March 23, 2007, this court affirmed the judgment of the trial court. State v. Simmons, 11th Dist. Nos. 2006-L-132 and 2006-L-133, 2007-Ohio-1376.
 {¶ 32} Prior to this court's decision, in Case No. 03 CR 000523, appellant filed a pro se petition for postconviction relief pursuant to R.C. 2953.21 on November 1, 2006. *Page 7 
Appellee filed a response on November 15, 2006. Pursuant to its November 17, 2006 judgment entry, the trial court dismissed as untimely appellant's petition for postconviction relief.
 {¶ 33} With respect to Case No. 04 CR 000149, appellant filed a pro se petition for postconviction relief pursuant to R.C. 2953.21 on December 8, 2006. Pursuant to its December 20, 2006 judgment entry, the trial court dismissed as untimely appellant's petition for postconviction relief.
 {¶ 34} It is from the foregoing November 17, 2006, and December 20, 2006 judgment entries that appellant filed a timely notice of appeal and makes the following assignments of error:[2]
 {¶ 35} "[1.] The trial court erred in denying appellant an evidentiary hearing in violation of his [Fourteenth] Amendment due process right to the United States Constitution and [R.C] 2953.21(C) and State v.Stevens, 58 Ohio App.2d 6 * * * and State ex rel. v. McMonagle,67 Ohio St.3d 450 * * *.
 {¶ 36} "[2.] [Appellant's] constitutional rights under the Fifth,Sixth and Fourteenth Amendments] and Ohio Constitution were violated where [appellant] was convicted on an indictment returned by an improperly selected grand jury and trial counsel failed to challenge the equal protection and due process violations.
 {¶ 37} "[3.] [Appellant] was denied due process and equal protection of the law where he was denied the right to an impartial judge in violation of the [Fourteenth] *Page 8 
Amendment to the United States Constitution.
 {¶ 38} "[4.] The trial court erred to the prejudice of [appellant] in violation of his due process when it failed to declare a mistrial or disqualification on the grounds of jury misconduct and trial counsel was ineffective for failing to requests (sic) a mistrial in violation of the [Sixth] and [Fourteenth] Amendments] of the United States Constitution.
 {¶ 39} "[5.] [Appellant] was denied a fair trial by the presentation of perjured testimony by the state and a denial of effective assistance of counsel for failing to investigate through discovery this false evidence in violation of the [Sixth] and [Fourteenth] Amendments] of the United States Constitution.
 {¶ 40} "[6.] [Appellant] was denied his constitutional right to self representation at the critical stage of the proceeding in violation of the [Sixth] and [Fourteenth] Amendments] to the United States Constitution."
 {¶ 41} Additionally, appellant asserts two supplemental assignments of error for our review:
 {¶ 42} "[1.] [Appellant] was denied due process and equal protection clause (sic) of the United States Constitution where the trial court failed to preserve the record for appellate review in violation of [theFourteenth] Amendment.
 {¶ 43} "[2.] [Appellant's] constitutional rights under the [Fourteenth] Amendment to the United States Constitution were violated where the trial court imposed a prison sentence that is disproportional to similar crimes committed by similar offenders and [R.C.] 2929.11(B)."
 {¶ 44} Before we address appellant's assignments of error, we must determine whether appellant's petitions were timely filed with the trial court. *Page 9 
 {¶ 45} R.C. 2953.21(A)(2) provides that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."
 {¶ 46} In the case at bar, with respect to Case No. 03 CR 000523, appellant filed the transcript in his first direct appeal on August 30, 2004. Pursuant to R.C. 2953.21(A)(2), appellant had one hundred eighty days from August 30, 2004, to file his petition for postconviction relief. See State v. Laws, 10th Dist. No. 04AP-283, 2004-Ohio-6446, at ¶ 7. However, appellant filed his petition on November 1, 2006, well beyond the deadline. In addition, regarding Case No. 04 CR 000149, appellant filed the transcript in his first direct appeal on October 29, 2004. He did not file his petition for postconviction relief until December 8, 2006, well beyond the one hundred eighty day deadline pursuant to R.C. 2953.21(A)(2). As such, appellant did not timely file his petitions for postconviction relief. See State v. Kirin, 11th Dist. No. 2001-T-0053, 2002-Ohio-3150, at ¶ 8.
 {¶ 47} Since appellant's petitions were untimely filed, we must conduct an analysis under R.C. 2953.23, which governs untimely and successive petitions for postconviction relief, and states that:
 {¶ 48} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless * * *:
 {¶ 49} "(1) Both of the following apply:
 {¶ 50} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the *Page 10 
claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 51} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 52} In the instant matter, appellant has failed to meet the first prong, let alone both criteria, of R.C. 2953.23(A)(1). We agree with the trial court that appellant failed to show that he was unavoidably prevented from discovering facts upon which his petitions were premised, or that he did not allege a new federal or state right recognized by the United States Supreme Court that applies retroactively to his cases. In addition, appellant failed to demonstrate by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offenses for which he was convicted.
 {¶ 53} As this court stated in Kirin, supra, at ¶ 12:
 {¶ 54} "[t]he fact that appellant represented himself in this matter does not excuse him from the obligation to timely file his petition for postconviction relief; `[a] pro se defendant will be expected to abide by the rule of evidence and procedure, regardless of his familiarity with them.' Cleveland v. Lane (Dec. 9, 1999), 8th Dist. No. 75151,1999 WL 1129582, at 3, citing State v. Doane (1990), 69 Ohio App.3d 638 * * *;Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363 * * * (a pro se litigant `is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants')." (Emphasis sic.) (Parallel citations omitted.) *Page 11 
 {¶ 55} Since appellant has not satisfied the requirements of R.C.2953.23(A)(1)(a) and (b), the trial court properly dismissed his petitions for postconviction relief. See State v. Baksi (Apr. 6, 2001), 11th Dist. No. 2000-T-0008, 2001 Ohio App. LEXIS 1632, at 6. Thus, appellant's assignments of error are rendered moot due to the untimely filing of his petition. See State v. Perry, 11th Dist. No. 2003-T-0048,2004-Ohio-3334, at ¶ 18.[3]
 {¶ 56} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] Appellant filed a motion to consolidate, which this court granted on September 14, 2006. Pursuant to our judgment entry, we indicated that Case Nos. 2006-L-132 and 2006-L-133 were consolidated for purposes of briefing, oral argument, and disposition.
[2] On March 9, 2007, this court, sua sponte, consolidated Case Nos. 2006-L-265 and 2006-L-276 for purposes of briefing, oral argument, and disposition.
[3] In addition to granting appellee's motions to dismiss appellant's petitions on jurisdictional grounds, we note that the trial court could have also relied on the doctrine of res judicata as a basis for its decision. See State v. Alls (July 27, 2001), 11th Dist. No. 2000-T-0113, 2001 Ohio App. LEXIS 3355, at 11, fn. 7; see, also, State v.Jordan, 11th Dist. No. 2006-T-0087, 2007-Ohio-1067, at ¶ 10-15. *Page 1