JOURNAL ENTRY AND OPINION
{¶ 1} This court originally released an opinion in the present appeal on March 13, 2008. See State v. Casalicchio, 8th Dist. No. 89555,2008-Ohio-1081. Seven days later, the Supreme Court released State v.Simpkins, Slip Opinion No. 2008-Ohio-1197. Based on Simpkins, both the state and defendant-appellant, Joseph Casalicchio, moved this court to reconsider our original decision. We agree to do so now. *Page 3 
 {¶ 2} This appeal stems from a judgment of the Cuyahoga County Court of Common Pleas, which denied Casalicchio's petition for postconviction relief.
 {¶ 3} The procedural background of this case is extensive and relevant to this matter. In March 2004, a jury found Casalicchio guilty of intimidation. The facts set forth at trial established that Casalicchio had hired Hell's Angels to kill Judge Kathleen Sutula of the Cuyahoga County Court of Common Pleas after she had sentenced him to prison in an unrelated case.
 {¶ 4} In April 2004, the trial court sentenced Casalicchio to five years in prison. Casalicchio appealed his conviction and sentence. SeeState v. Casalicchio, 160 Ohio App.3d 522, 2005-Ohio-1750
("Casalicchio I"). This court affirmed Casalicchio's conviction, but vacated his sentence because the trial court failed to inform him at his sentencing hearing that he could be subject to postrelease control upon his release. Id. at _30-32. We remanded the case for resentencing. Id.
 {¶ 5} On February 14, 2006, upon remand, the trial court sentenced Casalicchio to five years in prison and informed him that he may receive postrelease control upon his release from prison. Two weeks later, the Ohio Supreme Court released its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Casalicchio then appealed his sentence in March 2006. See State v. Casalicchio, 8th Dist. No. 87902, 2007-Ohio-161
("Casalicchio II"). *Page 4 
 {¶ 6} In Casalicchio II, Casalicchio argued that the trial court erred because it sentenced him under an unconstitutional statutory provision. Pursuant to Foster, this court agreed, vacated his sentence, and remanded for resentencing for a second time. Casalicchio II at _6-11.
 {¶ 7} On November 6, 2006, prior to this court's release ofCasalicchio II (on January 18, 2007), Casalicchio filed a petition for postconviction relief. He maintained that his petition was timely filed because his first sentence was void and a nullity. In the petition, he alleged that the prosecutor withheld exculpatory evidence. It is the denial of this petition that is the subject of the instant appeal.
 {¶ 8} The trial court denied the petition on February 9, 2007. It determined that Casalicchio's petition was untimely because he filed it beyond the 180-day time limit set forth in R.C. 2953.21(A)(2).[1] The court reasoned that under this provision, 180 days began to run from the date the trial transcript from the judgment of conviction and sentence was filed in Casalicchio's direct appeal.[2]
 {¶ 9} It is from this judgment that Casalicchio appeals, raising the following three assignments of error: *Page 5 
 {¶ 10} "[1.] The trial court erroneously dismissed the petition for post-conviction relief as untimely filed.
 {¶ 11} "[2.] Assuming, arguendo, that the trial court addressed the merits of the petition, it failed to make adequate findings of fact and conclusions of law.
 {¶ 12} "[3.] The petition for post-conviction relief should not be dismissed on the basis of res judicata."
 {¶ 13} Since a postconviction relief proceeding is a collateral civil attack on a judgment, the judgment of the trial court is reviewed under the abuse of discretion standard. State v. Gondor, 112 Ohio St.3d 377,2006-Ohio-6679, at _58. An abuse of discretion is more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 14} In his first assignment of error, the only assignment affected by Simpkins and the motions for reconsideration, Casalicchio relies onState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, to argue that because his first sentence did not properly include postrelease control, it was void and therefore, a nullity. Casalicchio maintains that because his first sentence was a nullity, his conviction became "real" and "final" only when his second sentence was imposed, and his time to file a postconviction relief petition began to run then. Thus, Casalicchio contends that his postconviction relief petition was timely because he filed it within 180 days from the *Page 6 
time the transcript of his resentencing hearing was filed in his second appeal, on May 9, 2006.
 {¶ 15} In our original opinion, we determined that the question raised here, whether a "void" sentence restarts the clock to file a petition for post-conviction relief, was one of first impression for this court. We reviewed Bezak in light of a later Supreme Court case, State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642.
 {¶ 16} In Bezak, the Supreme Court held that since Bezak "was not informed about the imposition of postrelease control at his sentencing hearing, the sentence imposed by the trial court is void." Id. at _12. It then reasoned that, "`[t]he effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.'" Id., quoting Romito v.Maxwell (1967), 10 Ohio St.2d 266, 267-268.
 {¶ 17} In Payne, the Supreme Court explained the difference between a sentence that is "void" from one that is "voidable." Id. at _27-30. It stated, "[a] void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. * * * Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." (Internal citations omitted.)Payne at _27. *Page 7 
 {¶ 18} Based on the Supreme Court's opinion in Payne, we determined that Payne implicitly overruled Bezak. We reasoned, albeit erroneously, that Payne indicated the Supreme Court's retreat from Bezak when it had labeled a sentence "void" — since the trial court had the authority to impose the sentence, but improperly exercised that authority. Based on that reasoning, we held that a sentence that does not properly include postrelease control is "voidable," not void. And we concluded that since Casalicchio's sentence was not "void" or a "nullity", it did not restart the clock to file a postconviction relief petition.
 {¶ 19} As we indicated, seven days after we released our original opinion, the Supreme Court issued its decision in Simpkins. We agree with the state and Casalicchio that the holding in Simpkins contradicted our reasoning in this matter.
 {¶ 20} In Simpkins, the Supreme Court held that "[i]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have postrelease control imposed on the defendant unless the defendant has completed his sentence." Id. at the syllabus.
 {¶ 21} The Supreme Court recognized in Simpkins that it has "not always used these terms [void and voidable] as properly and precisely as possible." Id. at _11. But relying on stare decisis and the need "to foster predictability and continuity," *Page 8 
especially in "areas of the law that are in flux" such as sentencing law, it followed its prior holding of Bezak. Id. at _22; fn. 2.[3]
 {¶ 22} Nonetheless, the outcome here is the same. We commend Casalicchio's reasoning that since his first sentence without postrelease control was "void" and "a mere nullity," as set forth inBezak and reaffirmed in Simpkins, then his conviction did not become "real" and "final" until his second sentence was imposed. Because if his first sentence was void and he should be put in "the same position as if there had been no judgment," then it would logically follow that the only way to place him in "the same position" would be to extend his time to file a post-conviction relief petition.[4] Despite our admiration for Casalicchio's contention, however, we still conclude that his "void" sentence did not "restart the clock" to extend his time to file a post-conviction relief petition.
 {¶ 23} Prior to Bezak, Payne, and Simpkins, under R.C. 2953.21(A)(2), petitioners had 180 days from the time their transcript was filed in the court of *Page 9 
appeals in their direct appeal (or from the time it would have been filed had they timely appealed) to file a petition for post-conviction relief. Nothing in those decisions affects this provision in any way.
 {¶ 24} The Tenth District was faced with a petitioner's post-conviction relief petition filed after he was resentenced pursuant to a remand in his first appeal. See State v. Laws, 10th Dist. No. 04AP-283, 2004-Ohio-6446. It explained that "[w]hile R.C. 2953.21(A)(2) does not specifically address the present situation, we are guided by the purpose of the amendments to R.C. 2953.21(A)(2) [limiting the time to file to 180 days] and the case law interpreting it. * * * [I]f we were to determine that the time for filing a defendant's post-conviction did not begin to run until the last of the direct appeals from the trial court's judgments, the time for filing post-convictions petitions would be extended well beyond the time limits set forth in R.C. 2953.21(A)(2) to an undetermined time in the future, all contrary to the intent of the legislature." Id. at _6.
 {¶ 25} The Tenth District held, "under the circumstances of this case, the time limits of R.C. 2953.21(A)(2) began to run at the time defendant's transcript was filed in his first appeal. The transcript in defendant's initial appeal was filed on January 28, 1998 and * * * [h]is petition therefore was due on July 27, 1998. Defendant, however, filed his petition for post-conviction relief on April 1, 2002. As a result, his petition was untimely. The trial court properly recognized it lacked jurisdiction to entertain defendant's untimely petition unless defendant satisfied the mandatory *Page 10 
jurisdictional requirements set forth in R.C. 2953.23(A)." (Internal citations omitted.) Id. at _7.
 {¶ 26} Casalicchio appealed his conviction and sentence inCasalicchio I. The transcript of proceedings for Casalicchio I was filed in this court on June 28, 2004. Therefore, the time limitation period for postconviction relief began to run on that date. When the trial court imposed his "second" sentence at the resentencing hearing, "it [did] not serve to restart the clock for postconviction relief purposes as to any claims attacking his underlying conviction." State v.Gross, 5th Dist. No. CT2006-0006, 2006-Ohio-6941, at _34. See, also,State v. Simmons, 11th Dist. Nos. 2006-L-265 and 2006-L-276,2007-Ohio-4965.
 {¶ 27} When a postconviction relief petition is untimely, a trial court may still entertain it if the petitioner meets one of the two conditions set forth in R.C. 2953.23(A). Petitioner's claim, that the prosecutor withheld exculpatory evidence, could fall under R.C.2953.22(A)(1) (if he showed that he "was unavoidably prevented from" discovering the exculpatory evidence and he "shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found [him] guilty").
 {¶ 28} In his petition, however, Casalicchio only asserted that hetimely filed it under R.C. 2953.21. He did not argue that it met any of the requirements to file an untimely petition under R.C. 2953.23(A). And Casalicchio did not submit any *Page 11 
evidence with his petition supporting his contention that the prosecutor withheld exculpatory evidence, or show how he was unavoidably prevented from discovering the alleged evidence, or how it would have changed the outcome of his guilty conviction. Thus, not having met any of the requirements under R.C. 2953.23, the trial court did not have jurisdiction to consider his untimely petition under this statute. SeeLaws, supra.
 {¶ 29} Thus, we conclude that the trial court did not abuse its discretion when it dismissed Casalicchio's petition as untimely. Casalicchio's first assignment of error is not well taken.
 {¶ 30} In the second assignment, Casalicchio argues that if this court construes a statement made by the trial court as a decision on the merits, then we should reverse the trial court because it did not make proper findings of fact and conclusions of law.[5] However, we concluded in the first assignment that the petition was untimely filed; therefore, the trial court did not have jurisdiction to address the merits of Casalicchio's petition. Therefore, this assignment has been rendered moot by our handling of the first assignment.
 {¶ 31} In his third assignment, Casalicchio argues that the trial court erred when it dismissed his petition because it was barred by res judicata. Again, as we *Page 12 
concluded in the first assignment, that is not why the trial court dismissed Casalicchio's petition. Therefore, this assignment has also been rendered moot by our disposition of the first assignment.
 {¶ 32} Accordingly, the judgment of the Cuyahoga County Court of Common Pleas if affirmed.
 It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
 It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., CONCURS; ANN DYKE, J., DISSENTS WITH SEPARATE OPINION
[1] R.C. 2953.21(A)(2) provides that "a petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken * * *, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
[2] The transcript of proceedings from Casalicchio's conviction and sentence was filed in this court in his direct appeal on June 28, 2004.
[3] It is interesting to note that in Payne, Justice Cupp relied on the same principles in his dissent. He stated that he welcomed and approved of the Court's "needed clarification of when a sentence is void and when it is merely voidable, and the legal consequences of each." Id. at _36 (Cupp, J., dissenting). He disagreed, however, with the Court modifying the "sweeping resentencing mandate of Foster," because he believed that "[consistency in this matter, as in all criminal cases, is desirable." Id. at _37; 42 (Moyer, C. J. joined in the dissent).
[4] A month after Bezak was released, a First District judge forewarned, "[o]ur Supreme Court has declared these sentences void. So now we have perhaps hundreds of inmates serving void sentences. What might happen next?" State v. Bond, 1st Dist. No. C-060611,2007-Ohio-4194 (Painter, J., concurring).
[5] The trial court made one statement that was not related to the timeliness issue: "It is important to note that the Defendant's Petition raises no issue concerning resentencing, only, the jury trial. All those issues were or could have been presented on the appeal that was already heard and decided."