DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William O'Neal, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On October 13, 2004, Appellant, William O'Neal ("O'Neal"), was involved in the shooting of Tina Harrell at Christie's Cabaret in Brunswick, Ohio. Harrell survived the shooting, and O'Neal was indicted on several counts including: (1) two counts of attempted murder; (2) three counts of kidnapping; (3) one count of felonious assault; (4) one count of carrying a concealed weapon; (5) one count of illegal possession of a firearm in a liquor permit premises; and (6) eight firearm specifications. O'Neal initially pled not guilty to all of the charges.
 {¶ 3} On May 17, 2005, O'Neal withdrew his not guilty plea and pled guilty to the following charges: (1) two counts of kidnapping pursuant to R.C. 2905.01(A)(2); (2) one count of kidnapping pursuant to R.C. 2905.01(A)(3); (3) one count of felonious assault pursuant to *Page 2 
R.C. 2903.11(A)(1); (4) one count of felonious assault pursuant to R.C. 2903.11(A)(2); (5) one count of carrying a concealed weapon pursuant to R.C. 2923.12(A)(2); and (6) one count of illegal possession of a firearm in a liquor permit premises pursuant to R.C. 2923.121(A). All of the charges except for the carrying a concealed weapon charge also contained firearm specifications to which O'Neal pled guilty. The trial court sentenced O'Neal to a total prison term of 13 years.
 {¶ 4} On April 9, 2006, this Court affirmed O'Neal's conviction, but reversed his sentence pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See State v. O'Neal, 9th Dist. No. 05CA0076-M,2006-Ohio-1904. Following re-sentencing, on May 14, 2007, this Court dismissed O'Neal's appeal for lack of a final, appealable order. SeeState v. O'Neal, 9th Dist. No. 06CA0056-M, 2007-Ohio-2266. Upon remand, the trial court entered a judgment entry that complied with Crim. R. 32(C). On May 22, 2007, O'Neal filed a notice of appeal from the nunc pro tunc journal entry. On March 24, 2008, this Court affirmed the trial court's judgment and sentence. See State v. O `Neal, 9th Dist. No. 07CA0050-M, 2008-Ohio-1325.
 {¶ 5} On October 31, 2007, O'Neal filed a motion for post-conviction relief ("PCR"), challenging both his conviction and sentence. The trial court denied O'Neal's petition as untimely. O'Neal timely appealed from this judgment entry, asserting two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE COURT ERRED IN DENYING [O'NEAL'S] PETITION FOR POST-CONVICTION RELIEF, FOR FAILURE TO TIMELY FILE SAID PETITION, AS REQUIRED BY R.C. 2953.21(A)(2)." *Page 3 
 {¶ 6} In his first assignment of error, O'Neal contends that the trial court erred in denying his petition for PCR for failure to timely file, as required by R.C. 2953.21(A)(2). We disagree.
 {¶ 7} An appellate court reviews the denial of a petition for PCR for an abuse of discretion. State v. Stallings, 9th Dist. No. 21969,2004-Ohio-4571, at ¶ 5. An abuse of discretion is more than an error of judgment; rather it necessitates a finding that the trial court was unreasonable, arbitrary or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Pursuant to R.C. 2953.21(A)(2), a petition for PCR must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App. R. 3(A) 4(A).
 {¶ 9} In its order denying O'Neal's PCR petition as untimely, the trial court found that O'Neal's PCR petition was due on December 9, 2006. The trial court erroneously counted 180 days from June 9, 2006 — the date on which the trial court re-sentenced O'Neal. While we disagree with the trial court's reasoning regarding the deadline for O'Neal's PCR petition, as we further explain herein, we agree with its finding that the petition was untimely. See Co Le'Mon, L.L.C. v. HostMarriott Corp., 9th Dist. No. 05CA008797, 2006-Ohio-2685, at ¶ 17, quoting State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92
("It is well established in Ohio that `a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof"). "The trial court's ultimate judgment in this case was correct, and it is the court's ultimate judgment we are affirming in this Opinion." Abdalla's *Page 4 Tavern v. Dept. Of Commerce, Div. Of State Fire Marshal, 7th Dist. No. 02 JE 34, 2003-Ohio-3295, at ¶ 83.
 {¶ 10} O'Neal contends that the trial judge erred in finding that his PCR petition was untimely. He argues that the trial court should have used the filing date for the transcripts filed in his most recent appeal, not the filing date from any of his first three appeals which were filed prior to the trial court's compliance with this Court's May 14, 2007 decision. See State v. O'Neal, 9th Dist. No. 06CA0056-M,2007-Ohio-2266. He asserts that, without a proper final judgment, there could be no proper appeal or petition for PCR because any PCR petition filed before the trial court complied with Crim. R. 32(C) would have been premature.
 {¶ 11} O'Neal cites State v. Tripodo (1977), 50 Ohio St.2d 124, in support of his assertion that each of his previous notices of appeal was premature because they were never made mature by the entry of a final, appealable judgment. We find the within matter factually distinguishable from Tripodo. In contrast to this matter, Tripodo did not involve a PCR petition and therefore, the Court did not consider the interplay of final, appealable orders and PCR petitions.
 {¶ 12} We are persuaded by the Eighth District Court of Appeals decision in a factually similar case. In State v. Casalicchio, 8th Dist. No. 89555, 2008-Ohio-2362, at ¶ 22, the Eighth District held that resentencing under Foster does not "`restart the clock'" for a PCR petition. Specifically, the Casalicchio court explained:
 "The Tenth District was faced with a petitioner's post-conviction relief petition filed after he was resentenced pursuant to a remand in his first appeal. See State v. Laws, 10th Dist. No. 04AP-283, 2004-Ohio-6446. It explained that `[w]hile R.C. 2953.21(A)(2) does not specifically address the present situation, we are guided by the purpose of the amendments to R.C. 2953.21(A)(2) [limiting the time to file to 180 days] and the case law interpreting it. *** [I]f we were to determine that the time for filing a defendant's post-conviction did not begin to run until the last of the direct appeals from the trial court's judgments, the time for filing post-convictions *Page 5 
petitions would be extended well beyond the time limits set forth in R.C. 2953.21(A)(2) to an undetermined time in the future, all contrary to the intent of the legislature.' Id. at ¶ 6.
 "The Tenth District held, `under the circumstances of this case, the time limits of R.C. 2953.21(A)(2) began to run at the time defendant's transcript was filed in his first appeal. The transcript in defendant's initial appeal was filed on January 28, 1998 and *** [h]is petition therefore was due on July 27, 1998. Defendant, however, filed his petition for post-conviction relief on April 1, 2002. As a result, his petition was untimely. The trial court properly recognized it lacked jurisdiction to entertain defendant's untimely petition unless defendant satisfied the mandatory jurisdictional requirements set forth in R.C. 2953.23(A).' (Internal citations omitted). Id. at ¶ 7." Casalicchio, supra, at ¶ 24-25.
The prevailing case law indicates that the time limit for a PCR petition runs from the original appeal from the conviction.
 {¶ 13} O'Neal filed the transcript of the docket and journal entries from his appeal of his conviction and sentence on September 7, 2005. SeeState v. O `Neal, 9th Dist. No. 05CA0076-M, 2006-Ohio-1904. Therefore, the time limitation period for PCR began to run on that date. When the trial court imposed his "second" sentence at the resentencing hearing and later filed a corrected judgment entry after this Court dismissed O'Neal's appeal in Case No. 06CA0056-M for lack of a final, appealable order, "`it [did] not serve to restart the clock for postconviction relief purposes as to any claims attacking his underlying conviction.'"Casalicchio, supra, at ¶ 26, quoting State v. Gross, 5th Dist. No. CT2006-0006, 2006-Ohio-6941, at ¶ 34. His motion for PCR was filed on October 31, 2007-two years after the expiration of the time to file an appeal — and was therefore, clearly untimely.
 {¶ 14} Further, a review of R.C. 2953.21 reflects that there is no connection between the status of the PCR petition and the status of the appeal. Indeed, the time period for filing a PCR petition runs even if no appeal is filed. *Page 6 
 {¶ 15} R.C. 2953.23(A) provides certain factors that, if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 16} O'Neal did not argue in his PCR petition that he met any of the requirements to file an untimely petition under R.C. 2953.23(A). Further, O'Neal did not allege that he was unavoidably prevented from discovering facts upon which his petition is based, or that after the 180-day time limit expired, the U.S. Supreme Court recognized a new federal or state right that retroactively applied to him. O'Neal has not alleged nor demonstrated that either of those conditions would have prevented him from being convicted. Accordingly, the trial court did not have jurisdiction to consider his untimely petition under this statute. See State v. Childs (Feb. 16, 2000), 9th Dist. No. 19757; Laws, supra.
 {¶ 17} Thus, we conclude that, under the specific facts presented herein, the trial court did not abuse its discretion when it dismissed O'Neal's petition as untimely. O'Neal's first assignment of error is not well taken. *Page 7 
 ASSIGNMENT OF ERROR II "THE COURT ERRED IN DENYING [O'NEAL'S] CONSTITUTIONALLY GUARANTEED RIGHT TO DUE PROCESS, UNDER ARTICLE I, § 1 AND § 16 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEEN [SIC] AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 18} In his second assignment of error, O'Neal contends that the trial court erred in denying his constitutionally guaranteed right to due process. In light of our disposition of O'Neal's first assignment of error, we need not address his second assignment of error.
 III. {¶ 19} O'Neal's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 8 
 CARR, P. J., DICKINSON, J. concur. *Page 1