[Cite as *State v. Wine*, 2015-Ohio-4726.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  2-15-07

      v.

DOUGLAS J. WINE,                        O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2011 CR 0026

Judgment Affirmed

Date of Decision:   November 16, 2015

APPEARANCES:

    *Lorin J. Zaner*  for Appellant

    *Edwin A. Pierce*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Douglas J. Wine ("Wine"), appeals the April 27, 2015 judgment entry of the Auglaize County Court of Common Pleas dismissing his petition for post-conviction relief. For the reasons that follow, we affirm.

{¶2} This court and the Supreme Court of Ohio recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *State v. Wine*, 3d Dist. Auglaize No. 2-12-01, 2012-Ohio-2837, ¶ 2-14; *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, ¶ 2-16.

{¶3} Relevant to this appeal, on June 25, 2012, this court vacated Wine's conviction for gross sexual imposition and remanded for the trial court to enter a finding of guilt for the lesser-included offense of sexual imposition and to sentence Wine for that offense. (*See* Doc. No. 183). Four weeks later, on July 23, 2012, but before the trial court took up the case on remand, Wine filed a petition for post-conviction relief under R.C. 2953.21. (Doc. No. 184). On March 8, 2013—while Wine's appeal from this court's June 25, 2012 judgment was pending in the Supreme Court of Ohio—the trial court found Wine guilty of sexual imposition and sentenced him on that conviction. (Doc. No. 213). The trial court filed its judgment entry of conviction and sentence that day, followed by a judgment entry nunc pro tunc on March 19, 2013. (Doc. Nos. 213, 220).

**{¶4}** The parties agreed and the trial court ordered that the hearing on Wine's petition for post-conviction relief be stayed "pending the ruling from the Ohio Supreme Court on the appeal filed in this matter." (Doc. No. 223).

**{¶5}** On September 25, 2014, the Supreme Court of Ohio issued its decision affirming the judgment of this court. *See Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, at ¶ 34-35.[1]

**{¶6}** On April 27, 2015, following briefing by the parties, the trial court issued the judgment entry that is the subject of this appeal. (Doc. Nos. 234, 235, 236). In its judgment entry, the trial court reasoned that when this court vacated Wine's conviction for gross sexual imposition, this "ruling had the effect of nullifying all of the proceedings in regard to his original post-conviction pleading." (Doc. No. 236 at 6). The trial court concluded that Wine's July 23, 2012 petition for post-conviction relief "is moot" and dismissed it. (*Id.*).

**{¶7}** Wine filed his notice of appeal on May 27, 2015. (Doc. No. 239). He raises one assignment of error for our review.

### Assignment of Error

**The trial court erred when it dismissed the Petitioner-Appellant's Post-Conviction Relief Petition (PCR) on the basis the direct appeal decision rendered the PCR as "moot" and that it did not have subject-matter jurisdiction to entertain the filed PCR.**

---

[1] The "sole issue" before the Supreme Court of Ohio in *Wine* was "whether a criminal defendant has the right to prevent a trial court from instructing a jury on lesser included offenses." *Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, at ¶ 34. The Court held "that a defendant does not have that power." *Id.* The Court's decision did not affect this court's remand to the trial court.

{¶8} In his assignment of error, Wine argues that when this court vacated his conviction for gross sexual imposition and remanded for the trial court to enter a finding of guilt for the lesser-included offense of sexual imposition and to sentence him for that offense, this court "modified" Wine's conviction. Therefore, Wine argues, this court's June 25, 2012 judgment did not toll the 180-day period for filing a petition for post-conviction relief, and Wine was required to attack the underlying, original conviction, as modified by this court's June 25, 2012 judgment. The State argues that the trial court was correct to conclude that, on July 23, 2012 when Wine filed his petition for post-conviction relief, there was no conviction for the trial court to vacate. According to the State, there was no conviction from which Wine could petition for post-conviction relief on July 23, 2012.

{¶9} "When a trial court dismisses a case as moot, it is declining to exercise jurisdiction over the matter." *Brown v. Dayton*, 2d Dist. Montgomery No. 24900, 2012-Ohio-3493, ¶ 9. "In such a situation, the issue of mootness presents a question of law which is reviewed under a de novo standard." *Id.*, citing *Athens Cty. Commrs. v. Ohio Patrolmen's Benevolent Assn.*, 4th Dist. Athens No. 06CA49, 2007-Ohio-6895, ¶ 45. "'De novo review is independent, without deference to the lower court's decision.'" *State v. Robertson*, 3d Dist. Henry No.

7-14-16, 2015-Ohio-1758, ¶ 17, quoting *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

{¶10} R.C. 2953.21 governs petitions for post-conviction relief. *State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850, ¶ 10. The statute sets forth who may petition for post-conviction relief:

> Any person who has been convicted of a criminal offense * * * and
> who claims that there was such a denial or infringement of the
> person's rights as to render the judgment void or voidable under the
> Ohio Constitution or the Constitution of the United States * * * may
> file a petition in the court that imposed sentence, stating the grounds
> for relief relied upon, and asking the court to vacate or set aside the
> judgment or sentence or to grant other appropriate relief.

R.C. 2953.21(A)(1)(a).[2]

{¶11} Generally, Ohio courts have held that when an appellate court reverses or vacates a conviction, a pending petition for post-conviction relief requesting that the judgment of conviction or sentence be vacated or set aside is rendered moot. *See State v. Elersic*, 11th Dist. Lake No. 2001-L-130, 2002-Ohio-6696, ¶ 6; *State v. McKinnon*, 7th Dist. Columbiana No. 99-CO-75, 2001 WL 274548, *1 (Mar. 15, 2001); *State v. Blair*, 2d Dist. Clark No. 97-CA-85, 1998 WL 321376, *1 (June 19, 1998). *See also* App.R. 6(B) ("When an appellate court

---

[2] Some subsections of R.C. 2953.21 were amended, effective March 23, 2015; however, R.C. 2953.21(A)(1)(a) was not amended. *See* Sub.H.B. 663, 2014 Ohio Laws 179.

reverses, vacates, or modifies a judgment of conviction on direct appeal, the trial court may dismiss a petition for post-conviction relief to the extent that it is moot."). As the Eleventh District explained in *Elersic*, "'"Moot cases are dismissed because they no longer present a justiciable controversy. The requested relief has been obtained, it serves no further purpose, it is no longer within the court's power, or it is not disputed."'" *Elersic* at ¶ 6, quoting *Wilkins v. Wilkinson*, 10th Dist. Franklin No. 01AP-468, 2002 WL 47051, *4 (Jan. 15, 2002), quoting *Cent. Motors Corp. v. Pepper Pike*, 9 Ohio App.3d 18, 19 (8th Dist.1983).

{¶12} We agree with the trial court that Wine's July 23, 2012 petition for post-conviction relief is moot, and we hold that the trial court did not err in dismissing it. On June 25, 2012, this court "vacate[d] Wine's conviction for gross sexual imposition" and "remand[ed] this case for the trial court to enter a finding of guilt and to sentence Wine for" the lesser-included offense of sexual imposition. *Wine*, 2012-Ohio-2837, at ¶ 63. One month later—and before the trial court entered the judgment of conviction of sexual imposition and sentenced Wine for that conviction—Wine filed his petition for post-conviction relief, in which he requested that the trial court "set[] aside Petitioner's sentence and conviction pursuant to [R.C.] 2953.21." (Doc. No. 184). It was not until March 8, 2013 that the trial court entered judgment finding Wine guilty of sexual imposition and sentencing him on that conviction. (Doc. No. 213).

{¶13} By its plain language, R.C. 2953.21 allows "[a]ny person *who has been convicted* of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the *judgment* void or voidable" to "ask[] the court to vacate or set aside the *judgment* or *sentence* or to grant other appropriate relief." (Emphasis added.) R.C. 2953.21(A)(1)(a). Wine's July 23, 2012 petition for post-conviction relief was moot when he filed it because, by this court's June 25, 2012 judgment, he already received the relief he requested in the petition—the setting aside of his conviction and sentence for gross sexual imposition. Moreover, when he filed his petition, there was no judgment of conviction or sentence from which to request relief. Therefore, we conclude that the trial court did not err in dismissing as moot Wine's July 23, 2012 petition for post-conviction relief.

{¶14} Wine argues that this court merely "modified" his original conviction for gross sexual imposition; therefore, according to Wine, he was required to petition for post-conviction relief from that original conviction. We disagree. First, we stated in our June 25, 2012 opinion that an appellate court may "modify" a verdict if the evidence shows that the defendant was not guilty of the offense for which he was convicted but was guilty of a lesser included offense. *Wine*, 2012-Ohio-2837, at ¶ 52. However, by our June 25, 2012 judgment, we ultimately did not "modify" Wine's conviction and enter our own judgment of conviction, as appellate courts sometimes do. *See, e.g.*, *State v. McCoy*, 10th Dist. Franklin No.

07AP-769, 2008-Ohio-3293, ¶ 30. Rather, we vacated Wine's gross-sexual-imposition conviction and remanded to the trial court with instructions to enter a judgment of conviction and sentence as to the lesser-included offense of sexual imposition. *See Wine*, 2012-Ohio-2837, at ¶ 63. Accordingly, at the time Wine filed his petition for post-conviction relief, there was no judgment of conviction from which to petition.

{¶15} Second, the cases on which Wine relies are distinguishable. For example, in *State v. Gross*, the Fifth District Court of Appeals and the Supreme Court of Ohio "affirmed the conviction on all counts," but the Supreme Court of Ohio "vacated the death penalty and remanded the matter to the trial court for resentencing." 5th Dist. Muskingum No. CT2006-0006, 2006-Ohio-6941, ¶ 3. Over two years after the Supreme Court of Ohio remanded the matter to the trial court, the trial court resentenced Gross. *Id.* at ¶ 4. Seven months after Gross was resentenced, and after filing and then dismissing an appeal from his resentencing, Gross filed a petition for post-conviction relief, which the trial court dismissed. *Id.* at ¶ 5-7. On appeal from the trial court's dismissal of his petition, the Fifth District affirmed the trial court's decision, reasoning that the underlying convictions were never disturbed: "The fact appellant was resentenced * * * does not serve to restart the clock for post-conviction relief purposes as to any claims attacking his underlying conviction." *Id.* at ¶ 34. Because *Gross* involved only a resentencing—and not a reversal or vacation of a conviction—it is distinguishable.

{¶16} The other cases cited by Wine are likewise distinguishable. In those cases, appellate courts affirmed underlying convictions but reversed sentences and remanded for resentencing. *State v. Simmons*, 11th Dist. Lake Nos. 2006-L-265 and 2006-L-276, 2007-Ohio-4965, ¶ 21-22; *State v. Haschenburger*, 7th Dist. Mahoning No. 08-MA-223, 2009-Ohio-6527, ¶ 3-4; *State v. Casalicchio*, 8th Dist. Cuyahoga No. 89555, 2008-Ohio-2362, ¶ 4, 6; *State v. O'Neal*, 9th Dist. Medina No. 08CA0028-M, 2008-Ohio-6572, ¶ 4; *State v. Laws*, 10th Dist. Franklin No. 04AP283, 2004-Ohio-6446, ¶ 3; *State v. Jackson*, 11th Dist. Trumbull No. 2013-T-0103, 2015-Ohio-7, ¶ 11; *State v. Piesciuk*, 12th Dist. Butler No. CA2009-10-251, 2010-Ohio-3136, ¶ 4-5.

{¶17} For the reasons above, we hold that the trial court did not err in dismissing Wine's petition for post-conviction relief.

{¶18} Wine's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**