MEMORANDUM OPINION
{¶ 1} The instant appeal stems from a judgment of the Trumbull County Court of Common Pleas, issued on February 11, 2005. In that judgment, the trial court granted the state's motion to dismiss the original and amended petitions for postconviction relief of appellant, Donna Roberts. As the grounds for its determination, the trial court held that appellant was not entitled to go forward on each of her five claims because either: (1) she had failed to present any evidentiary materials in support of the claim; (2) the claim was barred under res judicata; or (3) the allegations in the claim were insufficient *Page 2 
to warrant postconviction relief.
 {¶ 2} Our review of the trial record indicates that appellant was convicted of two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery. Each of these charges were predicated upon the shooting death of her ex-husband, Robert Fingerhut. In June 2004, the jury returned a verdict in which it recommended that appellant be given the death penalty for the aggravated murder. The trial court subsequently adopted the recommendation and imposed a sentence of death, as well as two separate ten-year sentences for the remaining two offenses.
 {¶ 3} Immediately following her conviction, appellant pursued an appeal to the Supreme Court of Ohio. While that appeal was pending, appellant filed her original and amended petitions for postconviction relief before the trial court. As was noted above, the trial court entered judgment against appellant as to both petitions in March 2005, and this appeal was then filed with this court.
 {¶ 4} During the pendency of the instant appeal, the Supreme Court rendered its decision concerning the propriety of the trial proceedings in the underlying criminal case. Although appellant's conviction was upheld in all respects, the Supreme Court concluded that two errors had occurred during the penalty phase of the trial. Thus, the Supreme Court vacated the imposition of the death penalty and remanded the case to the trial court for further proceedings. See State v. Roberts,110 Ohio St.3d 71, 2006-Ohio-3665.
 {¶ 5} As a basic proposition, a final judgment has not been issued in a criminal case unless the trial court has journalized a formal entry which, inter alia, contains a statement of the verdict and the imposition of sentence. State v. Ginocchio (1987), 38 *Page 3 
Ohio App.3d 105. As a result, when the Supreme Court released theRoberts opinion, its holding had the obvious effect of vacating the final order in the underlying case. That is, even though a proper final judgment was released at one point in appellant's criminal case, such a judgment does not exist at this time.
 {¶ 6} In relation to the submission of a postconviction petition, R.C.2953.21(A) provides that a person may file such a petition when he has been convicted of a criminal offense and can justifiably claim that "there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * *." The statute further provides that, as part of the petition for relief, the person can request the trial court to set aside the underlying "judgment or sentence * * *." In light of these provisions, this court holds that a petition for postconviction relief is not properly before the trial court for consideration unless a valid final judgment exists as to the entire criminal proceeding; i.e., not only must there be a formal entry which sets forth the verdict against the defendant, but the imposed sentence must also be delineated.
 {¶ 7} Given the interplay between the existence of a final judgment and the filing of a proper petition for postconviction relief, it logically follows that when the Supreme Court vacated appellant's sentence, its ruling also had the effect of nullifying all of the proceedings in regard to her original and amended postconviction petitions. This would include the trial court's judgment granting the state's motion to dismiss appellant's two petitions. Hence, this court ultimately concludes that the instant appeal is no longer properly before us because the appealed judgment is not a final appealable order at this time. *Page 4 
 {¶ 8} As an aside, this court would also indicate that, although the scope of the Supreme Court's remand was somewhat limited, it is feasible that the new proceedings before the trial court could lead to additional constitutional claims which could only be raised in a postconviction petition. Therefore, if we were to allow the appeal to proceed, appellant might be required to file a new postconviction petition which, in turn, could lead to a second appeal. In light of the possibility of needless confusion, logic dictates that the interests of appellant and appellee would be better served if the postconviction process was started anew once the trial court has rendered a new final judgment in the criminal proceeding.
 {¶ 9} Since a proper final judgment as to appellant's postconviction petitions does not exist at this time, this court lacks the requisite jurisdiction to go forward with this appeal. Accordingly, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of jurisdiction.
 DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur. *Page 1