[Cite as *State v. Jackson*, 2015-Ohio-7.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0103** |
| NATHANIEL JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2001 CR 00794.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Trumbull County Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, and *Randall L. Porter*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215-9308 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Nathaniel Jackson, appeals from the September 27, 2013 judgment entry of the Trumbull County Court of Common Pleas, dismissing appellant's postconviction petition. For the reasons that follow, the judgment of the trial court is affirmed.

{¶2} In November 2002, appellant was found guilty of two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery. The charges stemmed from the shooting death of Robert Fingerhut. At the time of his death, Mr. Fingerhut was residing with his former wife, Donna Roberts. During the months prior to Mr. Fingerhut's murder, appellant and Roberts exchanged letters and phone calls in which they plotted for appellant to murder Mr. Fingerhut so that Roberts could collect life insurance proceeds in excess of $500,000. Roberts was also charged with murder for her role in Mr. Fingerhut's death.

{¶3} Appellant was found guilty, and the jury recommended the death penalty. After weighing the aggravating circumstances and the mitigating facts, the trial court concluded the death penalty was appropriate. In January 2003, appellant filed a direct appeal of his death penalty to the Ohio Supreme Court. The Supreme Court affirmed appellant's convictions and the imposition of the death penalty. *State v. Jackson*, 107 Ohio St.3d 300, 2006-Ohio-1.

{¶4} In June 2004, appellant's original and amended petitions for postconviction relief were denied by the trial court. This court affirmed the trial court's judgment. *State v. Jackson*, 11th Dist. Trumbull No. 2004-T-0089, 2006-Ohio-2651. The Ohio Supreme Court declined jurisdiction. *State v. Jackson*, 111 Ohio St.3d 1469, 2006-Ohio-5625.

{¶5} On August 2, 2006, the Ohio Supreme Court vacated Donna Roberts' death sentence on the basis of ex parte communication between the prosecution and Judge John M. Stuard, the common pleas court judge who presided over both Roberts' and appellant's trials. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶3. The

2

ex parte communication at issue was the use of the prosecutor in preparing the court's sentencing opinion without the inclusion of defense counsel in the process. *Id.*

{¶6} On September 5, 2006, presumably based on the *Roberts* decision, appellant filed a Civ.R. 60(B) motion for relief from the trial court's judgment entry denying his petition for postconviction relief.

{¶7} While his Civ.R. 60(B) motion for relief was pending, appellant filed an application for disqualification of Judge Stuard, stating the following: "1) Judge Stuard has a personal stake in the outcome, 2) Judge Stuard has personal knowledge of disputed evidentiary facts, and 3) Judge Stuard will be called as a material witness."

{¶8} On November 29, 2006, former Chief Justice Thomas Moyer declined to disqualify Judge Stuard. *In re Disqualification of Stuard*, 113 Ohio St.3d 1236, 2006-Ohio-7233. In denying appellant's affidavit seeking disqualification, Chief Justice Moyer stated that there was "no evidence in the record * * * to suggest that [Judge Stuard] has shown any hostility or bias toward either party, and there is no indication that he is unable or unwilling to resolve any remaining disputed matters with an open state of mind." *Id.* at ¶8.

{¶9} The trial court denied appellant's Civ.R. 60(B) motion, and this court affirmed. *State v. Jackson*, 11th Dist. Trumbull No. 2008-T-0024, 2010-Ohio-1270. The Ohio Supreme Court declined jurisdiction. *State v. Jackson*, 135 Ohio St.3d 1470, 2013-Ohio-2512.

{¶10} On February 29, 2008, while his appeal from the trial court's denial of his Civ.R. 60(B) motion for relief was pending with this court, appellant filed a motion for new trial and/or sentencing hearing. The basis of appellant's motion was the

3

collaboration between Judge Stuard and the prosecution in drafting Judge Stuard's sentencing opinion.

**{¶11}** On May 4, 2009, the trial court denied appellant's motion for new trial and/or sentencing. Appellant appealed the trial court's judgment to this court. *State v. Jackson*, 190 Ohio App.3d 319, 2010-Ohio-5054 (11th Dist.). We reversed and remanded the case for resentencing on the basis that the same drafting procedures involving the sentencing entry that occurred in *Roberts* took place in appellant's case. *Id.* at ¶29.[1]

**{¶12}** On June 24, 2008, appellant filed a request for leave to file his motion for a new trial and a motion for new trial based on ex parte communications between Judge Stuard and the prosecution. An appeal of the trial court's judgment overruling appellant's motion for new trial is currently pending with this court.

**{¶13}** On June 28, 2013, appellant filed the instant postconviction petition that contained 19 grounds for relief. Appellee filed a motion to dismiss appellant's petition on July 25, 2013. Appellant then filed a response opposing appellee's motion to dismiss.

**{¶14}** On September 27, 2013, the trial court denied all 19 grounds for relief.

**{¶15}** Appellant timely appeals the trial court's judgment entry dismissing his postconviction petition. On appeal, appellant sets forth six assignments of error. For sake of clarity, appellant's assignments of error are considered out of order.

**{¶16}** In his first assignment of error, appellant argues:

---

1. On August 14, 2012, the trial court re-sentenced appellant to death. Appellant subsequently filed a second direct appeal of his death penalty, which is currently pending with the Ohio Supreme Court. *State v. Jackson*, Ohio Supreme Court No. 2012-1644.

4

{¶17} "The trial court erred when it dismissed [appellant's] post-conviction petition without reviewing the entire record."

{¶18} Specifically, appellant asserts that the trial court dismissed his petition without reviewing the trial transcript. Appellant believes that during the time of his postconviction proceedings, the trial court "did not have access to sixteen of the seventeen volumes of the trial transcript" because they had been transferred to the Ohio Supreme Court.

{¶19} R.C. 2953.21 governs postconviction relief petitions. R.C. 2953.21(C) states, in pertinent part:

> Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶20} Additionally, it has been said that the duty of the trial court to consider the entire record is especially critical in cases where the judge considering the postconviction petition is not the same judge who presided over the trial. *See State v. Calhoun*, 86 Ohio St.3d 279, 286 (1999), citing *State v. Moore*, 99 Ohio App.3d 748, 754 (1st Dist.1994). In this case, Judge Stuard, who had presided over appellant's trial, retired and passed away between the conclusion of the trial and consideration of this petition for relief.

{¶21} "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *Hartt v. Munobe,* 67 Ohio St.3d 3, 7 (1993), citing *Rheinstrom v. Steiner*, 69 Ohio St. 452, 455 (1904). "A party asserting

5

error in the trial court bears the burden to demonstrate error by reference to matters made part of the record[.]" *Id.*, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶22} In this case, the trial court stated that it "reviewed the petition, the supporting affidavits, the documentary evidence, the files and records pertaining to the proceedings against the [appellant], including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the relevant law." Additionally, on October 1, 2012, the Ohio Supreme Court ordered the Clerk of Court of Common Pleas for Trumbull County to "make a copy of the record and retain the copy for use in any postconviction proceeding." This entry therefore suggests, contrary to appellant's assertion, that there was a copy of the trial court records available for the trial court's review. Appellant has failed to establish that the entire record was not available for the trial court's review.

{¶23} Accordingly, appellant's first assignment of error is without merit.

{¶24} In his fourth assignment of error, appellant argues:

{¶25} "The trial court erred when it denied appellant's petition without affording him discovery."

{¶26} In appellant's appeal from the trial court's dismissal of his first postconviction relief petition, this court stated:

> In interpreting R.C. 2953.21 et seq., the provisions which govern postconviction relief in this state, the Supreme Court of Ohio has stated that there is no specific requirement that civil discovery must be afforded to the defendant in this type of proceeding. As a result, the decision to grant discovery in a given situation lies within the sound discretion of the trial judge. Furthermore, it has been expressly held that if the trial court concludes that the petitioner has failed to state substantive grounds to warrant an evidentiary

6

hearing on a petition, that court does not abuse its discretion in overruling a request for discovery.

(Citations omitted.) *Jackson*, 2006-Ohio-2651, at ¶21.

**{¶27}** In this case, as explained further in this opinion, the trial court did not err in concluding that none of appellant's claims for relief were sufficient to state substantive grounds for a hearing on his petition. Under such circumstances, it necessarily follows that the trial court did not abuse its discretion in denying any civil discovery to appellant. *See id.*

**{¶28}** As such, appellant's fourth assignment of error lacks merit.

**{¶29}** In his second assignment of error, appellant argues:

**{¶30}** "The trial court erred when it determined that [appellant's] post-conviction petition was barred by the statute of limitations."

**{¶31}** When a direct appeal involves a sentence of death, a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the Supreme Court. R.C. 2953.21(A)(2). Appellant filed this, his second, postconviction petition on June 28, 2013.

**{¶32}** In the trial court's September 27, 2013 judgment entry, which dismissed appellant's entire petition as untimely, the court stated, "[d]espite the re-sentencing in this matter which took place on August 14, 2012, the time period does not toll again for post-conviction relief." In making this conclusion, the trial court relied on the Twelfth Appellate District's decision in *State v. Piesciuk*, 12th Dist. Butler No. CA2009-10-251, 2010-Ohio-3136. The court in *Piesciuk* stated, "'Ohio case law indicates that the time limit for a postconviction relief petition runs from the original appeal of the conviction, and that a resentencing hearing does not restart the clock for postconviction relief

7

purpose as to any claims attacking the underlying conviction.'" *Id.* at ¶12, quoting *State v. Seals*, 8th Dist. Cuyahoga No. 93198, 2010-Ohio-1980, ¶7.

**{¶33}** In this case, out of appellant's 19 stated grounds for relief, 18 attack the underlying finding of guilty and only one relates to his August 14, 2012 resentencing. Accordingly, these 18 grounds needed to be raised no later than 180 days after the date on which the trial transcript was filed in the Ohio Supreme Court. *See* R.C. 2953.21(A)(2). Accordingly, 18 of appellant's 19 grounds for relief are clearly untimely and do not require the trial court to issue findings of fact and conclusions of law. We note that many of these grounds for relief were already considered and overruled in appellant's first petition for postconviction relief. *See generally Jackson*, 2006-Ohio-2651.

**{¶34}** Appellant's 16th ground for postconviction relief is the only ground for relief in which he does not attack the underlying conviction. Instead, appellant's 16th ground for relief attacks his August 14, 2012 resentencing. Appellant's appeal of his resentencing was filed directly in the Ohio Supreme Court on September 28, 2012. The record was filed there on January 2, 2013. This second postconviction petition was filed in the trial court on June 28, 2013. Accordingly, appellant's petition for postconviction relief is only timely as to appellant's 16th ground for relief.

**{¶35}** As such, appellant's second assignment of error is without merit except as to appellant's 16th ground for relief, which was timely. However, even though the trial court mistakenly identified appellant's 16th ground for relief as untimely, the error was harmless for reasons stated later in this opinion.

**{¶36}** In his third assignment of error, appellant argues:

8

{¶37} "The trial court erred when it drafted its findings of fact and conclusions of law."

{¶38} Specifically, appellant asserts that the trial court failed to make statutorily required findings of fact and conclusions of law, by instead "entering conclusionary statements of law without supporting the same with factual findings and citation to any relevant case law."

{¶39} R.C. 2953.21(C) and (G) require a trial court to make and file findings of fact and conclusions of law setting forth its findings on the issues presented and a substantive basis for its disposition of each claim for relief advanced in the petition. *State v. Calhoun*, 86 Ohio St.3d 279, 291 (1999). "[F]indings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition." *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 19 (1988), citing *State v. Lester*, 41 Ohio St.2d 51 (1975), paragraph two of the syllabus.

{¶40} The purpose of requiring findings of fact and conclusions of law is to inform the petitioner of the basis for the court's judgment and to facilitate meaningful appellate review. *Id.*, quoting *State v. Mapson*, 1 Ohio St.3d 217, 219 (1982). A trial court "need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun, supra,* at 291-292, citing *State v. Clemmons*, 58 Ohio App.3d 45, 46 (2d Dist.1989).

{¶41} A trial court is not required to issue findings of fact and conclusions of law, however, when it dismisses a postconviction relief petition as untimely. *State ex rel.*

9

*James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, ¶5; *see, also, State v. Dewey*, 11th Dist. Ashtabula No. 97-A-0077, 1998 Ohio App. LEXIS 4500, *6 (Sept. 25, 1998).

{¶42} As discussed above, the trial court correctly held that 18 of appellant's 19 grounds for relief were untimely. As such, the trial court was not required to make findings of fact and conclusions of law for those untimely grounds for relief. Despite this, the trial court still made sufficient findings of fact and conclusions for each of appellant's 19 grounds for relief, including those that the trial court correctly identified as untimely. As the trial court's findings of fact and conclusions of law are sufficiently comprehensive to allow for appellate review, appellant's third assignment of error is without merit.

{¶43} In his fifth assignment of error, appellant states:

{¶44} "The trial court erred when it found that all nineteen grounds for relief were barred [by] the doctrine of procedural default."

{¶45} As discussed above, only appellant's 16th ground for relief is timely. As appellant's 18 other grounds for relief are untimely, we do not consider whether they are also barred by the doctrine of procedural default. In overruling appellant's 16th ground for relief, the trial court stated, "[appellant] challenges the resentencing on August 14, 2012 because the trial judge refused to hear any additional evidence. The Court finds this issue is barred by res judicata."

{¶46} We agree. Under the doctrine of res judicata, a defendant cannot raise an issue in a postconviction petition if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 96 (1996); *State v. Perry,* 10 Ohio St.2d 175 (1967),

paragraph nine of the syllabus. Here, res judicata applies to appellant's 16th ground for relief because it raises an issue identical to that raised in appellant's direct appeal pending with the Ohio Supreme Court under Case No. 2012-1644. For this reason, as appellant's 16th ground for relief was barred by res judicata, the trial court's incorrect finding that appellant's 16th ground for relief was untimely constitutes harmless error.

**{¶47}** Accordingly, appellant's fifth assignment of error is not well taken.

**{¶48}** In his sixth and final assignment of error, appellant asserts:

**{¶49}** "The trial court erred when it summarily dismissed [appellant's] post-conviction petition."

**{¶50}** Under this assignment of error, appellant argues that he presented sufficient facts to be entitled to, at the very minimum, a hearing on his petition. Appellant contends that the facts contained in his petition, if proven true, would render his conviction void or voidable.

**{¶51}** As discussed throughout this opinion, appellant's petition was only timely as to appellant's 16th ground for relief. Accordingly, analysis of appellant's sixth assignment of error only applies to his 16th ground for relief, which challenges the "refus[al] [of the trial court] to consider any additional evidence at the resentencing." Appellant contends that this refusal violated his "rights to present to the jury all available mitigating evidence; and to have the jury make an individualized determination with respect to his sentence."

**{¶52}** "It is well-established that a petitioner is not automatically entitled to a hearing. Before a hearing will be granted, a petitioner must establish that there are

11

substantive grounds for relief." *Jackson,* 2006-Ohio-2651*,* at ¶85, citing R.C. 2953.21(C) and *Calhoun*, *supra*, at 282-283.

{¶53} In this case, there was no substantive ground for relief under appellant's 16th ground for relief. As discussed above, appellant is currently challenging his resentencing at the Supreme Court. As such, the trial court correctly applied res judicata to this ground for relief. Accordingly, appellant's sixth assignment of error is without merit.

{¶54} As appellant's six assignments of error are without merit, the judgment of the Trumbull County Court of Common Pleas dismissing appellant's postconviction petition is hereby affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶55} I respectfully dissent.

{¶56} Appellant appeals the trial court's September 27, 2013 judgment dismissing his post-conviction petition. This case involves the same facts and similar procedural history as appellant's other appeal before us, Case No. 2008-T-0077.

{¶57} The issues and relief sought in this case concern appellant's death sentence and his right to a fair trial. The issues here are mainly the same as those raised by appellant in his second direct appeal currently pending before the Supreme

12

Court of Ohio, Case No. 2012-1644, as well as his other appeal before this court, Case No. 2008-T-0077, (from the trial court's July 16, 2008 judgment overruling his motion for new trial.)

{¶58} Appellant's issues are also mainly the same as those in the case of his co-defendant, Donna Roberts, wherein the Supreme Court of Ohio vacated her death sentence for the second time and remanded the case again for resentencing. *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580.[2]

{¶59} For the reasons discussed below, I believe this appeal should be dismissed.

{¶60} **Procedural Background**

{¶61} At the outset, this writer notes that appellant and Roberts have had numerous appeals, which have moved along at different speeds throughout our justice system, as a result of complicated procedural and fact patterns and errors in the trial court that violated their constitutional rights.

{¶62} On December 28, 2001, appellant was indicted on various charges, including aggravated murder, for the shooting death of Robert Fingerhut. At the time of his death, Fingerhut was residing with his former wife, Roberts. Roberts, who had an affair with appellant, was also charged with murder for her role in Fingerhut's death.

{¶63} At his arraignment, appellant pleaded not guilty. He later filed a motion to suppress. Following a hearing, the trial court filed findings of fact and conclusions of law denying appellant's motion. It was later determined that the Trumbull County

---

2. Pursuant to the Supreme Court's remand, on April 30, 2014, Trumbull County Court of Common Pleas Judge Ronald Rice resentenced Roberts to the death penalty.

13

prosecutor's office drafted the trial court's findings of fact and conclusions of law denying appellant's motion to suppress.

{¶64} A jury trial commenced on October 8, 2002 before the late Judge John M. Stuard.[3] On November 12, 2002, appellant was found guilty of two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery. Under both of the aggravated murder counts, the jury recommended the death penalty and Judge Stuard concluded the death penalty was appropriate.[4] In addition, the court imposed separate sentences on the charges of aggravated burglary, aggravated robbery, and the merged firearm specifications.

{¶65} **Appellant's Three Pending Cases**

{¶66} Throughout the following years, appellant and Roberts have had a series of multiple direct and post-conviction appeals. As stated, appellant has three appeals currently pending, one before the Supreme Court of Ohio and two before this court:

{¶67} (1) Appellant's second direct appeal before the Supreme Court of Ohio, Case No. 2012-1644, from the August 2012 resentencing hearing before Judge Stuard;

{¶68} (2) Appellant's other appeal before this court, Case No. 2008-T-0077, from the trial court's July 16, 2008 judgment overruling his motion for new trial (on remand from the Supreme Court of Ohio in *State v. Jackson*, 135 Ohio St.3d 1455, 2013-Ohio-2285); and

---

3. Judge Stuard was a fine jurist committed to public service. He passed away on February 7, 2013, shortly after his retirement from the bench. Judge Stuard was replaced by Judge Ronald Rice.

4. The Trumbull County Grand Jury found appellant's co-defendant, Roberts, guilty and she was also sentenced to death.

14

**{¶69}** (3) Appellant's instant appeal, Case No. 2013-T-0103, from the trial court's September 27, 2013 judgment dismissing his post-conviction petition in which he challenged, inter alia, his resentencing by Judge Stuard and his death sentence.

**{¶70}** This writer notes again that the issues in appellant's direct appeal with the Supreme Court of Ohio and both appeals before this court concern appellant's death sentence and his right to a fair trial pursuant to the United States Constitution. The relief sought by appellant is that he either be granted a new trial or that he be resentenced. I believe in appellant's other appeal before this court, Case No. 2008-T-0077, that his sentence should be vacated and remanded for resentencing. Thus, for the reasons that follow, I believe the appealed judgment in this case is no longer a final appealable order at this time due to my position in Case No. 2008-T-0077.

**{¶71}** **Pleading At Issue In The Instant Appeal:**

**{¶72}** **Petition for Post-conviction Relief**

**{¶73}** On June 28, 2013, appellant filed the instant post-conviction petition, challenging, inter alia, his resentencing by Judge Stuard and his death sentence. Specifically, appellant presented the following 19 grounds for relief: (1) appellant challenged the post-conviction procedures under Ohio law in general, claiming that they violate state and federal constitutions; (2) appellant claimed his conviction and sentence are void or voidable because the Trumbull County prosecutor employed his discretion in capital cases in a racially discriminatory manner; (3) appellant challenged the racial component of the venire for the grand jury; (4) appellant claimed the foreperson of the grand jury may have been chosen in a racially discriminatory manner; (5) appellant challenged the admission of his statements following a hearing on a motion to suppress;

15

(6) appellant challenged the judiciary who presided over the motion to suppress his statements; (7) appellant claimed the Trumbull County prosecutor's office failed to provide him with exculpatory evidence; (8) appellant attacked the trial court's method of handling a breakdown in communication between him and his trial counsel; (9) appellant claimed he was denied a fair and impartial jury and equal protection because there was an underrepresentation of African Americans in the jury venire; (10) appellant asserted he received ineffective assistance of counsel during the pre-trial stage of this matter; (11) appellant asserted he received ineffective assistance of counsel during the trial phase of this case; (12) appellant claimed he was denied effective assistance of counsel during the investigation of the penalty phase; (13) appellant stated he was denied effective assistance of counsel during the mitigation stage; (14) appellant stated he was denied effective assistance of counsel and expert assistance; (15) appellant challenged his death sentence claiming the prosecution relied on inconsistent theories with respect to his prosecution and that of Roberts; (16) appellant challenged his August 14, 2012 resentencing before Judge Stuard because he refused to hear any additional evidence; (17) appellant challenged his death sentence in general as being unconstitutional; (18) appellant challenged his death sentence as violating the equal protection rights afforded to him under the constitution; and (19) appellant presented a cumulative argument for the due process errors asserted within his petition.[5]

**{¶74} The Instant Appealed Judgment**

{¶75} On September 27, 2013, the trial court dismissed appellant's post-conviction petition without a hearing as untimely, and found each of his grounds for

---

5. The state filed a motion to dismiss pursuant to R.C. 2953.21(D). Appellant filed a response.

16

relief barred by res judicata as well as not supported by sufficient evidence.[6]  Appellant filed a timely appeal with this court.

**{¶76}** **Assignments of Error in the Instant Appeal**

**{¶77}** Presently before us in this appeal are six assignments of error:

**{¶78}** "[1.] The Trial Court Erred When It Dismissed Jackson's Post-conviction Petition Without Reviewing the Entire Record.

**{¶79}** "[2.] The Trial Court Erred When It Determined That Jackson's Post-Conviction Petition Was Barred By the Statute of Limitations.

**{¶80}** "[3.] The Trial Court Erred When It Drafted its Findings of Fact and Conclusions of Law.

**{¶81}** "[4.] The Trial Court Erred When It Denied Appellant's Petition Without Affording Him Discovery.

**{¶82}** "[5.] The Trial Court Erred When It Found That All Nineteen Grounds for Relief Were Barred [by] the Doctrine of Procedural Default.

**{¶83}** "[6.] The Trial Court Erred When It Summarily Dismissed Jackson's Post-Conviction Petition."

**{¶84}** This court specifically held in the death penalty case involving appellant's co-defendant, that vacation of a sentence and a remand for resentencing has the effect

---

6. In his September 27, 2013 entry, Judge Rice indicated that he had reviewed the record prior to rendering his decision to dismiss appellant's post-conviction petition.  I note, however, that the entire court record was with the Supreme Court of Ohio, which is currently reviewing appellant's second direct appeal, Case No. 2012-1644.  In fact, on October 22, 2013, in his other appeal before this court, Case No. 2008-T-0077, appellant filed a "Motion to Supplement the Record."  A review of the record revealed that three pleadings (Docket Nos. 331, 389 and 394) and 17 volumes of transcripts were not contained in the record before this court.  Thus, on October 29, 2013, this court granted appellant's motion and, pursuant to S.Ct.Prac.R. 11.04(D)(1) and (2), instructed the Trumbull County Clerk of Courts to provide this court with certified copies of the foregoing pleadings and transcripts that were previously provided to the Ohio Supreme Court.  During oral arguments in this case, the state conceded that Judge Rice had an

17

of nullifying proceedings in regard to post-conviction petitions. *State v. Roberts*, 11th Dist. Trumbull No. 2005-T-0034, 2007-Ohio-5616, ¶7. This court went on to state the following:

{¶85} "As an aside, * * * it is feasible that the new proceedings before the trial court could lead to additional constitutional claims which could only be raised in a post-conviction petition. Therefore, if we were to allow the appeal to proceed, appellant might be required to file a new post-conviction petition which, in turn, could lead to a second appeal. In light of the possibility of needless confusion, logic dictates that the interests of appellant and appellee would be better served if the post-conviction process was started anew once the trial court has rendered a new final judgment in the criminal proceeding." *Id.* at ¶8.

{¶86} In this case, each of appellant's assignments of error focuses on his post-conviction petition in which he challenged, inter alia, his resentencing by Judge Stuard and his death sentence. In his appellate brief, appellant requests that he either be granted a new trial or that he be resentenced again. In support, appellant relies on the latest decision in *Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, wherein the Supreme Court of Ohio vacated Roberts' death sentence for the second time and remanded the case again for resentencing. The fact pattern in this case is factually the same as that in the matter involving Roberts. *See State v. Jackson,* 190 Ohio App.3d 319, 2010-Ohio-5054, ¶29 (11th Dist.2010). The record establishes that the same improper drafting procedures involving the sentencing entries which occurred in Roberts' case took place in this case as well.

---

obligation to have and review the entire record. Based on the foregoing, it appears Judge Rice ruled on appellant's post-conviction petition in an uninformed and incomplete manner.

**{¶87}** It is our duty to uphold the integrity of the judicial process in this death penalty case, and to ensure that appellant's constitutional rights are protected. Because I believe appellant's sentence should be vacated and remanded for resentencing in his other appeal before this court, Case No. 2008-T-0077, I believe the instant appeal is no longer properly before us, making the appealed judgment not a final appealable order at this time. Stated differently, since I believe a proper final judgment as to appellant's post-conviction petition does not exist at this time, this court lacks the requisite jurisdiction to go forward with this appeal. *See Roberts*, 2007-Ohio-5616, at ¶9.

**{¶88}** Accordingly, because this appeal should be sua sponte dismissed for lack of jurisdiction, I respectfully dissent.